## MILLER *vs.* PHILIP.

Where a testator, after devising all his real estate to his son, charged with the support of his wife, directed that his son should, at the expiration of three years from the date of his the testator's decease, *or* the decease of his wife, pay certain sums for the lands which the testator had given him, and the widow of the testator survived him more than three years and then died ; *It was held* that the legacies were payable immediately upon her death.

THIS was an appeal from a decree of the vice chancellor of the third circuit ; and the only question in controversy between the parties was whether a legacy given to the complainant by the will of her father, was payable on the death of her mother, who survived the father about six years, or at the expiration of three years after the mother's death. The testator devised all his real estate to his son, the defendant, charged with the support of his mother, and with the payment of several legacies ; among which was the legacy for which this suit was brought. The clause of the will in which the legacies were given, and upon which the question in dispute between the parties arose, was as follows : " I order that my son Wilhelmus shall, at the expiration of three years from the date of my decease, *or* the decease of my beloved wife Catharine, pay the following sums of money for the lands I have given him, viz : To the heirs of my son Jacob the sum of $341,25," &c. The vice chancellor decided that as the widow died more than three years after the death of the testator, the legacy to the complainant was payable immediately upon her death ; and he decreed accordingly. From this decree the defendant appealed to the chancellor.

*A. L. Jordan,* for the complainant.

*Killian Miller,* for the defendant.

THE CHANCELLOR. This is a mere question of construction, as to what the testator intended by the expression " at the expiration of three years from the date of my decease, *or* the decease of my beloved wife." And I think the construc-

March 15.

tion which the vice chancellor has given to this clause of the will is as favorable to the defendant as the language of the will can bear. It is very evident to my mind that the testator has not, by mistake, substituted *or* for *and* in this case; and I must arrive at such a conclusion before I can give a construction to the will which would postpone the payment of the legacies until the expiration of three years after the death of both the testator and his wife. He either intended to make the legacies payable in three years after his own death, and sooner if his wife should happen to die before that time; or he intended to make them payable on the death of the wife, if she survived beyond the three years, so that they should not be payable, in any event, within three years after his own decease. This last is the construction adopted by the vice chancellor; and I think, upon the whole, it is the correct one. It is evident that the testator contemplated the event of his wife's surviving him, as he has carefully provided for her in the will. He therefore intended to give his son three years after his own decease, to raise and pay off these legacies; and also to suspend the payment beyond that period, so long as the support of the widow continued to be a partial charge on the estate, upon which these legacies were also charged. And, for this purpose, it is only necessary to insert the word *on* in the clause of the will in question, to make it perfectly intelligible. It would then read, "I order that my son Wilhelmus shall, at the expiration of three years from the date of my decease, or *on* the decease of my beloved wife Catharine, pay," &c. The effect of which would be to postpone the payment until the death of the widow, if she lived beyond the three years, which the testator intended, in any event, to give to the devisee of the real estate for the payment of these legacies.

As the vice chancellor has put the proper construction upon the will, his decree must be affirmed, with costs.