## PURCELLY, ET. AL., V. CARTER, AD'M, ET. AL.

1. PARTIES: *In suit for legacy when legatee is dead.*
   Where a legatee dies after the death of the testator, his personal representative is, alone, entitled to collect the legacy, and not his distributees.

2. WIDOW AND HEIRS: *Liability for debts, etc., of decedent.*
   The widow and heirs of a decedent are not liable for his debts, or for his waste or conversion of a trust estate, beyond what they have received from him.

3. ADMINISTRATOR: *Action against his administrator: How brought.*
   An administrator is in his lifetime a trustee for the distributees of the estate, but at his death he ceases to be such, and his indebtedness to the trust becomes a demand against his estate, to be authenticated, allowed, classed and paid like any other demand.

4. ADMINISTRATOR: *Action to reform his accounts and to charge for waste: Practice in supreme court.*
   To a bill by legatees against the administrator, widow and heirs of the executor of their testator's estate, to reform his accounts and charge his estate for waste, a demurrer was interposed, assigning for cause that the demand was not authenticated and exhibited within two years after administration taken on the executor's estate. The demurrer was sustained and the bill dismissed. HELD: 1st, That the objection should have been taken by motion for non-suit, or by answer; but that no injury resulted from treating the demurrer as a motion to dismiss; and in order that the plaintiffs may proceed against the executor's sureties, who are now, alone, liable, and the administrator, who is a necessary party to a suit to reform the accounts, this court will dismiss the cause here without prejudice.

APPEAL from *Yell* Circuit Court in Chancery.

Hon. G. B. DENISON, Special Judge.

*Hall & Carter* for Appellants.

The complaint shows that R. V. Ferguson, one of the plaintiffs, was not administrator *de bonis non* of the estate of James Purcelly at the time this suit was brought; if he had been he

could not have maintained the action. It is properly brought by the heirs. *34 Ark., 144.* The suit was brought against John C. Carter, administrator of W. A. Carter, deceased, within two years after administration granted, and the statute of non-claim cuts no figure. *Gantt's Digest, Secs. 100, 110; 16 Ark., 475.*

The only remedy plaintiffs had was to attack the settlements of Carter as administrator of James Purcelly, for fraud. Misjoinder of defendants is not ground of demurrer. *37 Ark., 39.*

The complaint sufficiently sets out the frauds of the administrator to bring it within the rule in *42 Ark., 491,* and *23 Id., 444.*


*Wm. N. May* for Appellee.


Upon the death of Carter, the claim of plaintiffs, if any they have, became a debt against his estate, and not having been authenticated and probated against his estate within two years, is barred by the statute of non-claim.

The distributees of one estate or their assignees cannot maintain an action to recover a legacy due to the intestate; the right of action is in the administrator. *31 Ark., 723; 15 Id., 437; 16 Id., 671; 18 Id., 18; Ib., 448; 21 Id., 179; 22 Id., 535; 21 Id., 445; 31 Id., 616.*

As to the charge of waste and the remedy, see *30 Ark., 520; 24 Id., 111; 3 Blackstone, 175; 4 Kent, 79 to 86 top.*

The only remedy, if W. A. Carter owed the estate of Purcelly, was for Carter's successor to sue at law, or probate the same against Carter's estate. *15 Ark., 412; Ib., 41; 14 Id., 246; 17 Id., 539; 19 Id., 445; 20 Id., 84; 22 Id., 537; 18 Id., 334.* The claim was barred by non-claim after two years, and

the note barred by limitation long before Carter's death. *32 Ark., 714; 31 Id., 229, 723; 32 Id., 87.*

SMITH, J. The bill charges that James Purcelly died in the year 1859, leaving a will, which was admitted to probate, and six children, to whom he bequeathed the residue of his estate after the payment of debts and certain specific legacies; that the testator named no executor, wherefore the probate court granted administration with the will annexed to his widow and William A. Carter; that these trustees took charge of the personal property, of the value of $4000, and sold it out under the orders of the probate court and in pursuance of directions contained in said will; that various proceedings were had in the administration of said estate, including the filing by the administrators of their first annual account and the distribution of $1800 among the residuary legatees, but the papers and records pertaining to these matters had been destroyed during the late war; that in 1868 letters *de bonis non* were issued to the same parties—in effect, a continuation of the first administration; that they proceeded to file an inventory of such personal assets of the testator as remained unadministered, and included therein a promissory note made by said Carter to his co-administrator for $725, payable January 13, 1861, the consideration of which was money that Carter had received in payment for one of the negro slaves of the testator, and had been permitted to retain; that when the administrators came to file their annual accounts in 1870 and 1871, which were approved by the probate court, they charged themselves with the principal of said note, but fraudulently omitted to account for the accumulated interest thereon; that Mrs. Purcelly had never actively participated in the management of the estate, but had left the business to her co-administrator, and she had died before final settlement; that in 1872 Carter filed his final ac-

count, which was also confirmed and himself discharged, and fraudulently procured a credit therein for his said note as a worthless claim.

The bill was exhibited by four of the original legatees and the heir of a deceased legatee, against the administrator, widow and heirs of Carter. And the prayer was to set aside the settlements for fraud, to have the accounts restated, and to obtain a decree for such amount as would be due by Carter upon a corrected settlement. Carter had died in 1876, and administration was granted upon his estate in February, 1877. The bill was filed July 16, 1878, and was supported by a sufficient affidavit of the frauds complained of (*Mansfield's Digest, Sec. 128*), but there was no affidavit made, then or afterwards, of the justness and non-payment of the plaintiff's demand, such as *Section 102 of Mansfield's Digest* requires for the authentication of every claim against the estate of a decedent.

The bill was dismissed upon demurrer.

1. PARTIES: In suit for legacy after death of legatee.

The plaintiff, James S. Purcelly, who claims to be sole heir of one of the legatees under the will, could not maintain this suit. When a legatee dies after the death of the testator, his personal representative is alone entitled to collect the legacy, not his distributees. *Atkins v. Guice, 21 Ark., 164; Whelan v. Edwards, 31 Id., 723, and cases cited; Collins v. Warner, 32 Id., 87.*

2. WIDOW AND HEIRS: Liability for debts, etc., of decedent.

No cause of action is shown against the widow and heirs of Carter. It is not alleged that any assets have descended to them from Carter, and they are not liable personally for his debts or for his waste or conversion of the trust estate beyond what they have received from him. *Williams v. Ewing, 31 Ark., 229.*

3. ADMINISTRATOR: Action against his administrator:— How brought.

As between the legatees of James Purcelly and the administrator of Carter, the bill makes out a *prima facie* case of fraudulent conduct, within the doctrine of *Ringold v. Stone, 20*

*Ark., 526; and Hanf v. Whittington, 42 Id., 491.* But the primary object of the bill is to establish a claim against Carter's estate; the reformation of his settlement accounts being only a means to that end. Now, Carter, was, in his lifetime, a trustee for these legatees; but upon his death he ceased to be such, and his indebtedness to the trust became a demand against his estate, to be authenticated, allowed, classed and paid, like any other demand. *Halliburton v. Fletcher, 22 Ark., 453; Hill v. State, 23 Id., 604; Patterson v. McCann, 39 Id., 577.*

The bill was filed within two years after administration was taken upon Carter's estate; but no authenticating affidavit has been made to this day. Consequently the plaintiffs are, and were at the date their bill was dismissed, barred of all relief against Carter's estate by the statute of non-claim.

A demurrer, is, perhaps, not the appropriate method of taking advantage of the defect. *Sec. 107 of Mansfield's Digest* directs a motion for a non-suit; or the objection may be set up in the answer. But as one of the special causes of demurrer assigned the non-authentication and non-exhibition of the claim within two years after administration was granted upon Carter's estate, no injustice can result in treating the demurrer as a motion to dismiss.

4. SAME:—Action to reform accounts and charge for waste.

The only remedy the plaintiffs now have is against the sureties on the administration bond of Carter. But to proceed effectually against them, they must first have these settlement accounts corrected and re-stated; and to such a suit Carter's administrator is probably an indispensable party. The decree below will, therefore, be modified to this extent: That the dismissal be without prejudice to the right of the plaintiffs to exhibit another bill, if they shall be so advised, against the proper parties, to impeach the correctness of Carter's accounts with a view to charge his sureties.

Practice in supreme court.