ANNA R. ASHTON et al., appellants,

*v.*

GEORGE WILKINSON et al., executors of the will of John P. Wakeman, deceased, respondents.

1. Interest upon a legacy commences to run when payment of the legacy is demandable.

2. When no time is fixed in the will for the payment of a legacy, it is demandable one year after the death of the testator.

3. If a legacy be payable after the happening of a contingency, it is demandable when the contingency happens, after a year from the testator's death.

4. W., by his will, directed that his wife should have power to, by her will, appoint the distribution of a certain sum from his estate. The wife survived W. three years, and then died, leaving a will, by which she appointed the distribution of the sum provided by his will.—*Held*, that the will of W. not having fixed a time for the payment of the sum, the payment was demandable by the wife's appointees immediately after the probate of her will.

*Mr. George Holmes*, with whom was *Mr. Joseph A. Flannery* (of New York), for the appellants.

*Mr. R. Wayne Parker*, for the respondents.

On appeal from an order of the chancellor, who delivered the following opinion.

John P. Wakeman died in December, 1891. In his will, admitted to probate in the same month, after directing the payment of his debts and funeral expenses, appointing executors and giving them power to sell his real estate and giving the income of the entire estate to his wife for her life, he conferred this authority upon his wife:

"I hereby also authorize my said wife to convey by will, in such manner and for such purpose as she may deem best, the sum of fifty thousand dollars of my estate, which sum of fifty thousand dollars is in lieu of dower."

Then he disposed of the residue of his estate to others.

By a codicil to the will, he modified the provision for his wife by restricting the income she was to take to all the income from his estate, not exceeding $5,000, the excess over that sum to be capitalized and to go to the residue of the estate. He gave his wife certain chattels and the use of a house for her life, the executors not to have power to sell that house, except with her consent in writing.

These provisions he declared to be in lieu of dower.

Then he proceeded:

"*Fifth.* The amount which my said will authorized my wife to convey by her will, is hereby reduced from fifty thousand dollars to thirty thousand dollars."

Then he gave and bequeathed eleven legacies, aggregating $13,000, to be paid "without interest within one year after the decease of my wife," and made disposition of the residue of his estate to a number of persons named, share and share alike.

Mrs. Wakeman died on the 3d of April, 1894. By her will, admitted to probate in the same month, she exercised the power given to her to appoint distributees of $30,000 of her husband's estate, dividing the fund into several portions.

She never had possession of the $30,000, and expressly styled her appointments of it as out of her husband's estate.

The appointees now claim that they are entitled to be paid interest upon the sums appointed to them respectively, from the date of the perfected appointment, that is, the probate of Mrs. Wakeman's will.

In behalf of the takers of the residue of the estate of Mr. Wakeman, it is argued that the intent of Mr. Wakeman that all legacies out of his estate, paid within a year from the death of his wife, should be paid without interest, is manifested in his will. Their reliance is upon the provision for the payment of the eleven legacies within a year from his wife's death, without interest, the argument being that such provision indicates a purpose to give his executors time to realize from the investments made to serve his wife's life estate before any distribution.

I think that the provision demonstrates that the testator took into consideration the ability of his estate to presently, upon the probate of his wife's will, meet the demands he had created against it, and in order to relieve it, postponed the payment of the eleven legacies, and, by implication, the distribution of the residue. But I cannot infer from this provision that he postponed the demands which the exercise of the power conferred upon his wife would occasion. The very fact of his expressly defining a postponement, after consideration of the convenience of his estate, appears to exclude any but the clearest implication of other postponement, for we should assume that when he dealt with the subject of postponement he went as far as he intended to go. Indeed, for aught that appears to the contrary, it may have been his intention to so provide that all demands should not come upon the executors at once. He may have thought that they could quickly realize from assets and pay the $30,000 to be given by his wife, and then, within the year, provide for the

$13,000 he gave in pecuniary legacies, and later, after account-
ing, distribute the residue.

The general rule is, that interest commences to run when the
legacy is demandable. Executors have a year after their testa-
tor's death to ascertain and collect the assets and make payment
of general legacies for the payment of which no time is fixed in
the will. After that year the legacy is demandable, and, accord-
ing to the general rule, interest then commences to run. *Wms.
Ex. 1424; 2 Redf. Wills 466.* If the legacy be payable after
the happening of a contingency, such as the death of a tenant
for life, it is demandable when the contingency happens, after a
year from the testator's death. *Laundy* v. *Williams, 2 P. Wms.
481; Bonham* v. *Bonham, 11 Stew. Eq. 419; Miller* v. *Phillips,
5 Paige 573.*

In the application of these rules in the present case, my atten-
tion has been arrested by the decision in *Tatham* v. *Drummond,
2 Hemm. & M. 262,* where there was a fund held by trustees.
under a marriage settlement, subject to the wife's power of
appointment by will upon the happening of a certain contingency,
in which it was held that the rule that interest did not run upon
legacies until the expiration of one year from the death of the
testatrix, applied to the legacies she appointed out of the trust
fund. It is suggested that the $30,000, over which Mrs. Wake-
man had the power of appointment, was situated similarly to
this trust fund, and that, as in *Tatham* v. *Drummond,* a year
from the death of the wife was allowed to the trustees, so here a
year should be allowed to the executors of Mr. Wakeman from
the death of Mrs. Wakeman.

I think that case is distinguishable from this in the fact that
there the question was as to the application of the rule that a
year should be allowed for the payment, while here the question
really is, not as to the application of that rule, but whether there
shall be an addition to it in the allowance of a second year.

There the trust fund in substance stood as the wife's own prop-
erty, the trust being the means by which it was held for her,
and the court considered that the existence of the trust should
not defeat the application of the rule that one year is allowed for

Glorieux *v.* Schwartz.

the payment of legacies, although the reason supporting the rule might not apply in its full vigor.

In the present case the will of Mr. Wakeman contemplated a fund of $30,000, which was to yield income during the wife's life, and be ready against the uncertainty of the time of her death and the contingency of her appointing its payment. Because as strong reasons for granting a year after the wife's death as existed in *Tatham* v. *Drummond* to justify the application of the rule that a year is to be allowed, appears, it is urged another year should be given in this case. Mr. Wakeman's executors have already had the benefit of the rule applied in *Tatham* v. *Drummond.* More than a year has elapsed since his death, and all that time they have been facing the present emergency. Shall they be allowed a second year? As has been seen, it is not the rule to allow a second year where the legacy is payable upon the happening of a contingency. In do not find either authority or sufficient reason to justify such an allowance.

The appointees should receive interest upon the sums appointed to them, respectively, from the date of the probate of Mrs. Wakeman's will to the dates of the payments of those several sums.

PER CURIAM.
Order affirmed for the reasons given by the chancellor.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GUMMERE, LIPPINCOTT, MAGIE, REED, VAN SYCKEL, BROWN, SIMS—9.

*For reversal*—None.