SARAH L. SHAFER, for Herself, and as Administratrix of the estate of RINALDO SANCHEZ TERESO, Deceased, Plaintiffs and Appellees, v. NICHOLAS SANCHEZ TERESO, ET AL., Appellants.

**Wills:** VESTED REMAINDERS. Where a testator gave his widow the use of all his property for her support and maintenance during the minority of his youngest child, and upon its arrival at majority a life estate in one-third of all his property, the remaining two-thirds to be divided among his children, naming them; it is held that upon the death of testator the children surviving him took a vested interest subject to the estate for years and the life estate of the widow.

**Same:** ESTATE FOR YEARS. An estate for years will support a vested remainder.

**Vested remainders:** DESCENT. The interest of a devisee who takes a vested remainder passes by descent to his heirs upon his death.

*Appeal from Keokuk District Court.*— HON. W. G. CLEMENTS, Judge.

THURSDAY, FEBRUARY 14, 1907.

SUIT for the construction of the will of Peter Sanchez Tereso, deceased. Plaintiff claimed that she was the owner of the entire estate of Sanchez, or at least entitled to one-third in fee, and to the shares of four children who died before the commencement of this action, and to a one-eleventh belonging to Rinaldo Tereso who died after the commencement of this suit. Defendants denied plaintiff's claim, averred that the interests of the four children lapsed upon their death, and made various other claims which will be

.noticed in the body of the opinion.  The trial court gave plaintiff one-third during life, and one-third of the personal estate.  It is also held that upon the death of the testator, his eleven children each took an one-eleventh interest in and to his real and personal estate, and that these interests vested and passed to their successors upon the death of any of them.  Defendants appeal, claiming that the estate in the children was contingent, and that, as to the four children who died prior to the happening of the contingency, neither they nor their successors took anything, but that the property as to them became intestate.— *Affirmed.*

*Stockman & Hamilton* and *Brown & Wilcockson,* for appellants.

*Talley & Hamilton,* for appellee.

DEEMER, J.— Peter Sanchez Tereso, known also as " Peter Sanchez," executed his last will and testament May 17, 1888, and died October 17, 1888, leaving surviving his

1. WILLS: vested remainders.

widow, Sarah, plaintiff herein, five sons, Nicholas, Peter, Frederick, Alfonso, and Rinaldo, and six daughters, Dorothea, Margaret, Laura, Lillie, Louise, and Ozella Pearl.  The will was admitted to probate November 12, 1888, and the widow was appointed executrix without bond.  The material parts of the will read as follows:  After some specific bequests of personal property, it provides:

Third. I give and bequeath to my beloved wife Sarah L. Sanchez Tereso for her support and maintenance during the minority of my youngest child all the remainder of all my personal and real estate of which I shall die seized and possessed or to which I shall be entitled at times of decease.

Fourth. My will is that at the time of the youngest heir attains its majority that my beloved wife Sarah L. shall have the one-third of all my estate both personal and real during the remainder of her life.

Fifth. My will is that the remainder, two-thirds shall be divided between my five sons and six daughters, share and share alike, to-wit: Nicholas, Peter, Frederick, Alfonso, and Rinaldo, and my six daughters, Dorothea, Margaret, Laura, Lillie, M. Louise, and Ozella Pearl.

Ozella Pearl, had she lived, would have attained her majority November 6, 1904, but she died intestate without issue in September of the year 1904. Peter, Alfonso, and Louise also died intestate, and without issue, after the death of the testator, but prior to November 6, 1904. Rinaldo, died intestate, unmarried, and without issue after November 6, 1904, and the plaintiff was appointed administratrix of his estate. Appellants contend that the estate and interest devised to the eleven children was contingent, and that, upon the death of any of them before the happening of the contingency, the devise to such child lapsed and descended as intestate property. While, on the other hand, it is contended that the interest devised by the will was a vested one, and, in the event of death of any of the devisees, his interest passed to his heirs as provided in section 3281 of the Code, or by descent, and that plaintiff, in virtue of being their only surviving heir, became entitled to at least eight thirty-thirds of the entire estate. Plaintiff has not appealed from the order giving her a life estate on one-third of the property, and we have no occasion to consider this part of the decree. Defendants, however, insist upon two propositions: (1) That the devise to the children of the testator was a contingent and not a vested one; and (2) that, even if a vested estate was created as to those children who died before the youngest became of age, there being no residuary clause or provision as to survivorship, the devise to such lapsed, became intestate property, and passed to the survivors.

Premising the discussion of these matters it is well to state two fundamental canons of construction. It is the policy of the law to favor the vesting of estates, and, if there be doubt or uncertainty as to whether the estate devised is a

vested or a contingent one, courts will so construe the will as
to hold the estate a vested one.   Page on Wills, section 658,
and cases cited.   Again, courts will so construe a will, if
possible, as to prevent intestacy.   Page on Wills, section
466.   By statute in this state, estates may be created to com-
mence at a future day.   Code, section 2917, and it is also
provided, in section 3281 of the Code, that, if a devisee die
before the testator, his heirs shall inherit the property de-
vised to him, unless, from the terms of the will, a contrary
intent is manifest.

Going back now to the third, fourth, and fifth para-
graphs of the will, we find, that, for the purposes of this case,
the wife took an estate for years in all the property of the
testator during the minority of the youngest child, Ozella
Pearl.   When the youngest child became of age, the wife
became entitled to one-third of the estate, both personal and
real, during the remainder of her life, and in the fifth para-
graph it is provided that the remainder, two-thirds, shall be
equally divided between the five sons and six daughters, nam-
ing them.   Ozella, the youngest child, had she lived, would
have become of age November 6, 1904, but she died, as also
did Peter, Alfonso, and Louise, before that event could have
happened.   Rinaldo died after November 6, 1904.   It is ar-
gued that as the division was to be made among the children,
under the fifth paragraph of the will, when the youngest child
became of age, this postponed the vesting of the estate, and
made it contingent upon the survival of the devisees until that
time, and it is further argued that, as the contingency might
not have occurred until after the death of the tenant for years,
the remainder was, or might be, extinguished.   Again, it is
argued that in no event could children not living at the
time the youngest child arrived at the age of majority, or
their successors, take anything under the will.   It is difficult
to give definitions of vested and contingent remainders which
shall at once be clear, comprehensive, and inclusive.   Gener-
ally speaking, if there is a person or persons in *esse* known,

and, ascertained who, by the will or deed creating the estate, may take and enjoy the estate upon the expiration of the existing particular estate and whose right to such remainder no contingency can defeat, such remainder is a vested one. But, if the remainder is limited to take effect either to a dubious and uncertain person, or upon a dubious or uncertain event then it is a contingent one. *In re Moran's Will,* 118 Wis. 177 (96 N. W. 367); *Wood v. Griffin,* 46 N. H. 230; *Dana v. Marray,* 122 N. Y. 604 (26 N. E. 21). As said by another: "It is not the uncertainty of enjoyment in the future, but the uncertainty of the right of that enjoyment, which marks the difference between a vested and contingent interest." *Smaw v. Young,* 109 Ala. 528 (20 South. 370). See also, *Bunting v. Speek,* 41 Kan. 424 (21 Pac. 288, 3 L. R. A. 690); *Byrne v. France,* 131 Mo. 639 (33 S. W. 178); *Poor v. Considine,* 6 Wall. 458 (18 L. Ed. 869).

There are two kinds of contingencies which are generally recognized in law as creating contingent remainders: One relating to an event, and the other to the person; that is to say, a contingency of event exists where some other circumstance than the determination of the particular estate must occur before the remainderman can take. A contingency as to persons arises where the beneficiaries cannot be ascertained until the happening of some future event, as where there is a devise to a class in such terms as that the members of the class cannot be ascertained at the death of the testator, but must be determined at some future time. Of course there may be contingencies which are uncertain both as to event and as to person. And in such cases the interest devised does not vest until the happening of both events. In the instant case there is no uncertainty as to persons. The devise is not to a class, but to certain named and ascertained beneficiaries. If the estate devised by the fifth paragraph of the will be contingent, it must be because of some event which postpones the vesting of the estate devised. Appellants strenuously contend that by the terms of the will

the division of the remainder among the children was to take place when the youngest child arrived at age, and that this, of necessity, postponed the vesting of the estate until that time, thus creating a contingent remainder, and cases are cited in support of these propositions, chief of which is *McClain v. Capper,* 98 Iowa, 145. That decision has been criticised in some quarters, but the conclusion may well be sustained upon the theory that the testator in that case did not intend that the estate in remainder should vest until his youngest child arrived at full age, and that it was then to be divided between his children, their heirs, or the survivors of them. It is said in the opinion that the time fixed for the division was annexed to the gift, and not to the payment, and that there was then uncertainty as to who should be the beneficiaries. As to the first proposition there is ample support in the authorities. See *Wilhelm v. Calder,* 102 Iowa, 342; *In re Crane,* 164 N. Y. 71 (58 N. E. 47); *Smith v. Edwards,* 88 N. Y. 92; *In re Baer,* 147 N. Y. 348 (41 N. E. 702); *In re Kountz's Estate,* 213 Pa. 390 (62 Atl. 1103, 3 L. R. A. (N. S.) 639); *In re Moran's Will,* 118 Wis. 177 (96 N. W. 367); *In re Albiston's Estate,* 117 Wis. 272 (94 N. W. 169). It is to be observed, however, that in most of these cases the remainder was to a class and not to specified persons. In the recent case of *Archer v. Jacobs,* 125 Iowa, 467, we fully considered the distinctions between vested and contingent remainders, and reviewed many of the cases cited in the briefs now before us. In view of that discussion little further need be added except to apply the rules there announced to the facts of this case.

In Archers case we said: " Generally speaking, when there is a person in being who would have an immediate right to the possession of the lands should the life tenancy now terminate, such person has a vested remainder. If, however, something more than the duration of the particular estate stand between the remainderman and the right to immediate possession, if there be some unperformed or un-

fulfilled contingency which would prevent his taking posses-
sion, were the life tenancy now to terminate — then his re-
mainder is contingent.   In other words, it is the present ca-
pacity of taking effect in possession if the possession were
now to become vacant, and not the certainty that the posses-
sion will become vacant before the estate limited in remainder
determines, that distinguishes a vested from a contingent re-
mainder."   Another   test   of   almost   universal   applica-
tion has thus been stated:  " The  test of  a vested re-
mainder is its present capacity to take effect in possession
whenever the prior estate shall determine; that is, if the re-
mainderman has the right in case of a sudden determina-
tion of a prior estate, immediately to go in and take pos-
session, the remainder is vested." .  Our statute permitting
the creation of estates to commence at a future day disposes
of many of the technicalities growing out of the feudal sys-
tem, but does not relieve us of the necessity of determining
in each particular case as to when an estate devised vests in a
remainderman.

    With the tests above proposed for our guide we go now
to the provisions of the will before us.   The words used in
the fifth paragraph are not precatory, but clearly words of
devise; that is to say, the testator says his will is that the
remainder, two-thirds, shall be equally divided between his
children, naming them.   This seems to be a present devise
to ascertained persons directly, and not as a class.   In the
third paragraph the widow is given an estate for years, at
least we must so hold for reasons hitherto stated, in all the
property, and in the fourth paragraph this estate, when the
youngest child reaches majority, is to be reduced to one-third
of the personal and real property for life.   The event
whereby this reduction is to take place is a fixed and certain
one, and the persons who are to take were also in *esse* at the
time of testator's death.   The particular estate is an estate
for years in the widow, subject to reduction upon the hap-
pening of a certain and fixed event.   Should the widow die

at any time after the death of the testator, the remaindermen might undoubtedly take possession of their estate, for there is no uncertainty as to who should take the two-thirds of the estate in fee, and no reason why they should not immediately go into the possession thereof. The division was not to be made when the youngest child became of age; that event being a certain one simply reduced the widow's estate, and, upon the happening thereof, there is, to our minds, no doubt that the remainderman might take immediate possession of the two-thirds devised to them. As said in Archer's case, it is not the uncertainty of enjoyment in the future, but the uncertainty of the right to that enjoyment which marks the difference between a vested and a contingent interest. Here there is no uncertainty as to the right of enjoyment, but uncertainty perhaps as to the time thereof, for, if the widow should die at any time after the death of the testator or after the youngest child became of age, which, of course, is an uncertain event, the remaindermen could go into possession of the two-thirds interest devised to them by the fifth paragraph of the will. It is this which distinguishes the case from McClain v. Capper, *supra,* and other like precedents where the remainders were held contingent, because the division was to be made at a future time. If the will were that the remaindermen should not take until the youngest child became of age, there might be ground for contending that the devise was a contingent one, but that is not the situation. The remainder is of a fee in two-thirds after the determination of the life estate or of the estate for years, and, as we think, was a vested one.

That a vested remainder may be supported by an estate for years in this jurisdiction, we have no doubt in view of our statute relating to the creation of estates in the future, and this seems to be the modern rule in the absence of statute, although such an estate was not regarded at common law strictly as a remainder. See Fearne on Contingent Remainders, 3 note 6; Challis on Real

2. SAME: estate for years.

Property, 77. More likely it was treated as an executory devise. *Dean v. Dean,* 3 Ch. 150; *St. John v. Dann,* 66 Conn. 401 (34 Atl. 110). As to the personal property there is no doubt that the bequest is a vested one, subject to the rights of the widow under the third and fourth clauses of the will, although payment was postponed until the youngest child became of age. *Heilman v. Heilman,* 129 Ind. 59 (28 N. E. 310); *McCarty v. Fish,* 87 Mich. 49 (49 N. W. 513); *Chafee v. Maker,* 17 R. I. 739 (24 Atl. 773); *Cook v. Hayward,* 172 Mass. 195 (51 N. E. 1075). The conclusion is inevitable. Upon testator's death eleven children, who were then alive, took a vested remainder, under the fifth paragraph of the will, subject to the estate for years in the widow, which has now ceased and determined and to her life estate in one-third of the real and personal property left by the deceased. This holding is in accord with that of the trial court as we understand it, and, by the terms of the decree, the widow was permitted to take one-third in fee under the law, or to take under the will, as she might elect, but that she could not take both.

As some of the devisees died after the estate vested in them, their shares passed to their heirs or survivors by descent or by representation. Before closing it may be well to notice a claim made by appellant that, because of the use of the word " between " in the fifth paragraph of the will, the remainder should be divided into two equal shares and given, one part to the sons, and the other to the daughters. There is no merit in this contention. Manifestly the testator intended to give each child the same amount, share and share alike, or one-eleventh of the remainder. *Kling v. Schnellbecker,* 107 Iowa, 636.

The decree of the district court seems to be correct, and it is *affirmed.*