M. R. SKELTON et al., Appellants, v. C. F. CROSS, Sheriff, and
D. W. BATES, Receiver, Appellees.

No. 43567.

JULY 31, 1936.

Roy E. Havens and Carl V. Burbridge, for appellants.

Walter I. Wolfe and Edward L. O'Connor, Attorney General, for appellees.

HAMILTON, J.—On or about the 14th day of September, 1933, D. W. Bates, Receiver of the State Savings Bank of Missouri Valley, Iowa, obtained a judgment in the District court of Harrison county, Iowa, against M. R. Skelton. On the 17th day of June, 1935, a general execution issued on said judgment by virtue of which the sheriff of Harrison county, Iowa, levied upon and sold all of the right, title and interest of M. R. Skelton in and to certain described real estate located in said county. At said sale receiver purchased the property and is the present holder of the certificate of sale. On the 14th day of August, 1935, plaintiffs filed their petition in the instant case, in which they allege that under and by virtue of the last will and testament of W. A. Skelton, deceased, plaintiffs, M. R. Skelton and Amy Ethel Curtis, are the owners of an undivided contingent remainder interest and estate in and to said real estate which was levied upon; that the title and interest of said judgment debtor, M. R. Skelton, being no more than a contingent remainder interest and estate in said land, the same was not subject to sale under execution, and the aforementioned levy upon said real estate is therefore null and void; that the same creates a cloud upon the title of plaintiffs and each of them and will cause the plaintiffs and each of them irreparable damage and injury, and that they have no plain, speedy and adequate remedy at law. Plaintiffs pray that the purported and pretended levy of execution upon the above described real estate be held to be null and void; that the sheriff be enjoined and restrained from selling the said real estate and enjoined from in any manner proceeding further with said execution or from issuing a sheriff's

deed, and for general equitable relief. A copy of the will is attached to the petition.

The defendants by their answer take issue with the plaintiffs as to the character of the estate and plead former adjudication, alleging that in two separate proceedings the court had determined that M. R. Skelton owned a vested estate in remainder in said real estate. It will thus be seen that this action involves the construction of the last will and testament of W. A. Skelton, deceased, which will has been admitted to probate, the provisions of which, material to the issues in this case, are as follows:

"Second. I give, devise and bequeath to my beloved wife, Mary A. Skelton, all my estate, both real and personal, in whatever it may consist, or wherever situated at my death, to have, hold and use the same with all the rents, income and profits arising therefrom, for her sole use and pleasure during the term of her natural life, provided however, that she does not again marry. In case that my said wife does again marry, it is my wish and is hereby my will that all my said estate be then divided and distributed as hereinafter provided.

"Third. That upon the death of my said wife, or in the event that she should again marry, it is my will that my grandson, Glen Edward is to have one ninth of his father's share, Walter L. Skelton, share had he now been living, and in addition thereto the sum of One Thousand Dollars to be paid out of the shares of my children. It is also my will that in case my said grandson, Glen Edward Skelton, should die, without issue, that his share of my said estate shall go to my children share and share alike.

"And lastly, I give, bequeath and devise all the rest and residue of my property of which I shall die seized, after the death of my wife or her re-marriage as provided in Paragraph Two hereof, of every kind and character to my daughter, Amy Ethel, and my son, Morrice Raymond Skelton, share and share alike, or the issue of any such child who may have then deceased. If said deceased child has no issue, then it is my will that said deceased child's share shall pass to and become the property of the surviving child."

The stipulated facts show that the life tenant, Mary A. Skelton, surviving spouse of W. A. Skelton, deceased, is still

living and has not remarried; that she elected to accept the provisions of the will of her husband; that Amy Ethel Curtis and Morrice Raymond Skelton, who is one and the same person as M. R. Skelton, are both living, are married and have living issue.

The lower court found for the defendants, and that the plaintiff, M. R. Skelton, the judgment debtor, took a vested estate in remainder under his father's will, and also found for the defendants on the issue of former adjudication, and the plaintiffs have appealed.

 It is the contention of appellants that under the holding of this court in the case of Fulton v. Fulton, 179 Iowa 948, 162 N. W. 253, 256, L. R. A. 1918E, 1080, and the case of Saunders v. Wilson, 207 Iowa 526, 220 N. W. 344, 60 A. L. R. 786, this will created in M. R. Skelton a contingent remainder, the contingency being that he survive and be alive at the death or remarriage of his mother, while appellees contend, and the lower court so found, that the will created a vested estate in the judgment debtor, M. R. Skelton, and they cite and rely upon numerous cases decided by this court and especially rely upon Archer v. Jacobs, 125 Iowa 467, 101 N. W. 195, Shafer v. Tereso, 133 Iowa 342, 110 N. W. 846, Lingo v. Smith, 174 Iowa 461, 156 N. W. 402. Appellants contend, and, as we understand it, appellees practically concede that if the court adheres to the holding in the cases of Fulton v. Fulton and Saunders v. Wilson, we will of necessity be required to hold that the will in question created a contingent and not a vested remainder in the judgment debtor.

In the majority opinion in the Fulton case, the late lamented and eminent jurist, Justice Evans, attempted to point out the distinction between what is referred to in the books as the statutory New York rule of construction and the common law rule as applied to vested and contingent remainder estates, making note of the fact that Iowa is presumed to be under the common law rule, but that in some cases the New York statutory rule had inadvertently been adopted, which brought about the confusion in the holdings of this court on this question. In that case he quotes with approval the common law definition as follows:

''Remainders are either vested or contingent. A vested remainder, whereby the estate passes by the conveyance, but the

possession and enjoyment are postponed until the particular estate is determined, is where the estate is invariably fixed to remain to certain determinate persons. Contingent remainders are where the estate in remainder is limited to take effect either to a dubious or uncertain person or upon a dubious or uncertain event, so that the particular estate may be determined and the remainder never take effect.''

Apparently there was a strenuous contest over the adoption of this opinion, Judge Deemer writing a dissenting opinion which was concurred in by Justice Weaver, these being two of the ablest and most noted jurists that ever graced this court.

The question again arose in the case of Saunders v. Wilson, supra, and again Justice Evans wrote the opinion of the majority, adhering to the rule announced in the Fulton case, and again there apparently was a thorough consideration of the matter, Justices Albert and De Graff each filing very exhaustive, able, and well-considered dissenting opinions. The majority opinion was concurred in by Justices Stevens, Faville, Kindig, Wagner, and Grimm. Later, in In re Estate of Phearman, 211 Iowa 1137, 1144, 232 N. W. 826, 829, 82 A. L. R. 674, in an opinion by Justice Wagner, concurred in by Justices Morling, Stevens, De Graff, and Albert, the common law definition of a vested remainder as announced in the Fulton case was adopted in toto in these words:

''A vested remainder is one whereby the estate passes by the conveyance, but the possession and enjoyment are postponed until the particular estate is determined,—one where the estate is invariably fixed, to remain to certain determinate persons.''— citing Fulton v. Fulton, supra, and Williamson v. Youngs, 200 Iowa 672, 203 N. W. 28.

This definition is couched in language which is unambiguous and cannot very readily be misunderstood. According to the definition, in order to be a vested remainder, the estate must be ''invariably fixed to remain to certain determinate persons.''

Applying this rule to the will in question, can it be said that the estate is invariably fixed to remain in the judgment debtor, Skelton? Certainly not. For it plainly appears, and the intent of the testator cannot be misunderstood, that in the event of the death of M. R. Skelton, without issue, prior to the time of the termination of the particular estate, the surviving sister,

Amy Ethel Curtis, takes the entire estate. Under many of our precedents which could be cited, similar provisions have been construed as vested estates, subject to defeasance or to be divested by the happening of a subsequent event. But under the common law rule of vested remainders, as set forth above, and which seems to have been adopted in this state, it matters not whether the condition be precedent or subsequent. In either event the contingency renders the person who finally takes the estate uncertain and thereby destroys one of the elements of the definition of a vested remainder. This has been a debatable question and a bone of contention among lawyers and courts of last resort from time immemorial. After all the years of debate, and after so many stormy sessions have been had in this court, and the warriors have used up all the ammunition garnered from the legal lore of the Solons of all ages and climes, we find that, while the firing has ceased, the victory is only temporary, and here again our good brother, representing appellees, has poured such a broadside of grape and canister, which he has skilfully gathered from the storehouse of our own precedents, against the seemingly impregnable position of appellants, fortified behind the later pronouncements of this court in Fulton v. Fulton and Saunders v. Wilson and In re Phearman's Estate, as to succeed in winning his preliminary skirmish in the lower court, and is now enthusiastically and earnestly asking this tribunal to refrain from imposing penalties or sanctions, and to permit him to hold that which appellants, with equal earnestness, contend the appellees obtained possession of by ruthlessly trespassing upon and overriding firmly established legal precedents. The writer of this opinion was of counsel for the winning side in the case of Shafer v. Tereso, 133 Iowa 342, 110 N. W. 846, and we won our case largely by relying upon Archer v. Jacobs, 125 Iowa 467, 101 N. W. 195, which cases appellees cite and rely upon in their argument to this court. The difficulty is that both of these cases were criticized and inferentially repudiated by the Fulton case, and the Fulton case was approved in the Saunders case, and the definition of a vested remainder announced in these two cases was adopted and approved in the Phearman Estate case, and hence has been looked upon and adhered to by a large majority of the court as the correct rule in this state for more than nineteen years.

We could again review all these cases, but we can see no

useful purpose to be served in so doing. We could again turn-about-face and recede from the above-mentioned extreme and apparent dogmatic common law definition of a vested remainder, and apply the rule of the case of Archer v. Jacobs and other similar cases to the will in question, but to do so would only render the confusion all the more confounding. We therefore hold that under the terms and provisions of the will under investigation, the judgment debtor, M. R. Skelton, took a contingent and not a vested estate in remainder.

**█■█** Appellees contend that this matter has been adjudicated adversely to appellants on two different occasions. It seems that on or about the 12th day of August, 1933, two days before the appellee receiver commenced his suit in which judgment was recovered against M. R. Skelton, the said M. R. Skelton made and delivered to his wife, Lavina A. Skelton, a quitclaim deed to the real estate in question. Sometime in October following, D. W. Bates, Receiver, filed a petition in equity asking that said conveyance be cancelled and set aside as fraudulent and void, and on the 6th day of March, 1935, the court entered judgment and decree cancelling and setting aside said deed, holding that the same was a voluntary conveyance, that the wife paid nothing therefor, and that it was made for the purpose of defrauding the creditors of said M. R. Skelton. It is the contention of appellees that the court in the decree setting aside this deed made a finding that M. R. Skelton was the owner of a vested remainder, and that therefore this question was determined and adjudicated. There are some statements in the answer of M. R. Skelton to the effect that he claimed his estate in said real estate was contingent, and the court did in his decree say that Skelton held an estate in fee simple. But this question was only incidentally involved. The issue in that case was whether or not the deed to the wife was made for the purpose of defrauding creditors. It also appears that there was a motion made by M. R. Skelton to quash the execution under which the receiver levied upon the land in question, and the reasons assigned in the motion to quash were that M. R. Skelton had but a contingent estate in remainder, and the same was not subject to levy and sale. To this motion there was no resistance filed. The court simply overruled the motion, without reciting any reason for his ruling, and it is the contention of appellees that this necessarily determined the character of the estate adversely to

appellants' contention, and that this constitutes an adjudication of this question, and while Amy Ethel Curtis was not a party to said former litigation, she was in court by what is termed "equitable representation" and is therefore bound. It must be borne in mind that the sister, Amy Ethel Curtis, was living and within the jurisdiction of the court. Both M. R. Skelton and Amy Ethel Curtis had living issue, and neither she nor any of the issue were made parties to either of these causes of action, which are now set up as constituting res adjudicata.

Appellees cite and rely upon the principle announced in 34 C. J., page 1000, Sec. 1421, wherein it states:

"Persons having a remote, contingent, or expectant interest in realty are bound by the judgment rendered in an action concerning the property, although not made parties to the suit, if their interests are properly represented, as by the holder of the first estate of inheritance, or by persons who have the same interests and are equally certain to bring forward the entire merits of the question, so as to give the contingent interest effective representation."

He also cites and quotes from the case of McFall v. Kirkpatrick, 236 Ill. 281, 306, 86 N. E. 139, 147, wherein that court said:

"Where the owner of a vested estate is before the court, the interests of a contingent remainderman will be bound although he may not be formally made a party."

He also cites the case of Buchan v. German American Land Company, 180 Iowa 911, 915, 164 N. W. 119, 120, L. R. A. 1918A, 84. In this case we said:

"The general rule that only parties and those in privity with them are bound by a judgment is not without some exceptions, one of which is that where, without fraud or collusion, all the parties are brought before the court that can be brought before it, and the court acts on the property according to the rights that appear, its judgment is conclusive as to the title, and binds all contingent interests in the real estate. Persons not *in esse* at the time of the rendition of the decree in question, but who, upon coming into being, might have some possible contingent interest in said property, would necessarily be of the

same class as some of the defendants named in said suit, and the judgment entered therein was binding, not alone upon the living parties thereto, but as well upon all those who might thereafter come into being. Whether this rule has been previously recognized or applied in this state or not, it prevails in every other jurisdiction where the question has been presented. This rule and the reasons therefor are well stated in the following cases.

" 'Conceding, without so deciding, that the deed in question vested in Mrs. Gorman only a life estate in the lot, and created a contingent remainder, as plaintiff claims, still the district court had power to acquire jurisdiction over all parties interested in the contingent remainder, and by its decree determine their rights. This conclusion necessarily follows from the equity doctrine that the general rule that only those who are parties to a suit are affected by the decree is subject to the exception that, where the subject matter of the action is the determination of the title to real estate, if all parties are brought before the court that can be brought before it, and it acts on the property according to the rights that appear, there being no fraud or collusion, its decision is conclusive as to the state of the title and binds all contingent interests in the real estate. In such a case it is sufficient to bring before the court the first tenant in tail in being, and, if there be none, the first person entitled to the inheritance, and, if there be none, then the tenant for life; for all other parties who may at any time claim a contingent remainder or other contingent estate are bound, upon the principle of representation, by the decree adjudging the title. The rule is based upon necessity, for it would be intolerable injustice if the owner of real estate could not have his title quieted where there was a claim of an outstanding contingent remainder which might possibly vest in persons not then in being.' " (Citing numerous cases.)

Manifestly, the principle here announced cannot be extended to include parties in being within the jurisdiction of the court and who were entitled to notice and a right to be heard. The first party to take an estate of inheritance under this will was not before the court in either of these cases. Amy Ethel Curtis did not take through her brother, M. R. Skelton, but any interest in the share of her brother to which she might become entitled would not come to her through him but through the

testator, she being substituted for her brother upon the happening of a certain contingent event.

In the case of Mennig v. Graves, 211 Iowa 758, 762, 234 N. W. 189, 191, in speaking of this doctrine of "equitable representation", we said:

"The general rule in equity is that parties not before the court are not bound by the decree. The doctrine of equitable representation is the exception to this rule. It is built upon the theory that the contingent remaindermen are represented by others who have a similar interest, and that their interest will receive thereby actual and efficient protection; and, to be effective, their representation must be such that it would be certain that they would bring forth the merits of their rights and use reasonable efforts to protect their interest."

While in a certain sense, M. R. Skelton and Amy Ethel Curtis were joint tenants of a contingent interest in their father's estate, they were not members of the same class in such sense as to render the equitable representation rule applicable in actions of the kind we have here, one a suit on a note in which Amy Ethel Curtis was in no way interested or concerned, the other a suit to set aside a deed on the ground of fraud, concerning which Mrs. Curtis was in no way interested or involved. We are unable to see how upon any sound basis the decision of the court in the two matters relied upon by appellees can be said to be res adjudicata of the issues in this case, where the action is not between the same parties.

 That Amy Ethel Curtis, one of the plaintiffs in this action, is a proper party plaintiff, having a right to maintain the action against the defendants to protect her contingent remainder interest, is well established by the decisions of this court, and we do not understand that appellees raise any serious contention in reference to such right. The right to bring such action is provided by section 12285 of the Code, 1935. And it seems to be the holding of this court and courts of other jurisdictions that a statutory provision of this kind, permitting remaindermen to institute an action to protect their title, even though it may be a contingent remainder interest, imposes upon such person a duty and obligation to bring the action within the statutory period. See Murray v. Quigley, 119 Iowa 6, 92 N. W. 869, 97 Am. St.

Rep. 276; Blackett v. Ziegler, 147 Iowa 167, 125 N. W. 874; Ward v. Meredith, 186 Iowa 1108, 173 N. W. 246.

It therefore follows that the decree of the trial court is erroneous, and the cause is reversed and remanded with instructions to enter a decree in accordance with this opinion.—Reversed and remanded.

PARSONS, C. J., and DONEGAN, ANDERSON, STIGER, ALBERT, and KINTZINGER, JJ., concur.