Joseph Collins v. Edward Collins, *et al.*, Appellants.

**Wills: construction:** *Reversion.* A clause in a will provided that certain property should pass to two of testator's sons, to be held in common for a period of twenty years. A subsequent clause directed that the share of one of the sons should revert to testator's direct heirs in case the son died without issue. *Held,* that the latter clause should be construed to be limited to the death of the son before the testator, and would not operate to cause the share of the son to revert to the testator's heirs on the death of the son after the testator's death.

*Appeal from Winneshiek District Court.*—Hon. L. E. Fellows, Judge.

Thursday, February 6, 1902.

The plaintiff is a devisee under the will of his deceased father, John Collins, and this action is brought to have a part of said will construed. The clauses thereof which are material to the inquiry before us are as follows: "(1) To Joseph ·Collins, my oldest son, and Frank Collins, my youngest son, together, I give and bequeath the following, to wit: My farm of 309 acres, in sections one (1) and twelve (12), in Military township, Winneshiek county, Iowa; and the said farm of 309 acres above described shall not be sold or transferred for a period of twenty years after my death, but shall remain undivided, and the profits therefrom be equally divided between my said sons, Joseph Collins and Frank Collins, with all the stock thereon, and thirty acres of timber land in Bloomfield township, Winneshiek county, Iowa, and all the remainder of my real estate not otherwise

disposed of (as hereinafter mentioned), including the National Hotel property and other lots in the town of Ossian." "(9) Now, should it transpire that my son Joseph Collins die without issue, then the property, both real and personal, herein bequeathed to him, shall revert back to my direct heirs." The district court construed the ninth clause of the will to mean that, if the son Joseph died without issue before his father, then the estate devised to him should revert to the testator's direct heirs, and held that, as Joseph survived his father, the first clause of the will gave him an estate in fee simple in the realty, and an absolute title to the personal property. The defendants, except Frank Collins, appeal.—*Affirmed.*

*D. J. Murphy* for appellants.

*N. Willett* for appellee.

SHERWIN, J.—It needs no citation of authority in support of the rule that the intention of the testator must govern in the construction of wills, if it may be carried into effect "without violating some deeper principle of public policy;" and that, "whatever respect the constructions put upon corresponding words in other wills may deserve from the court by way of precedent, this plain and lawful intent in the particular will should not be defeated." And this intention of the testator must be discovered from the language of the will itself, as "applied to the subject-matter and the surrounding circumstances." Schouler, Wills (3d Ed.) section 466. The difficulty in rightly construing such instruments lies, not in the want of well established general rules for the guidance of the court, but in the particular words and in the surrounding circumstances which are present in each individual case. No general rule is more firmly established by the great weight of judicial opinion than "that, where property is devised in terms indicating an intention that the primary devisee shall take the fee on the

death of the testator, coupled with a devise over in case of his death without issue, the words refer to a death without issue during the lifetime of the testator, and the primary devisee, surviving the testator, takes an absolute estate in fee simple." *Fowler v. Duhme,* 143 Ind. Sup. 248 (42 N. E. Rep. 623-627), and cases therein cited. But this rule is applied only in cases where the intention of the testator is not shown to be otherwise, as such intention is gathered from the words of limitation read alone or in connection with the other provisions of the instrument, and in the light of the surrounding circumstances. In other words, if the will itself, properly and fairly construed, shows that the testator meant the death of the primary devisee after his own, then this rule will not govern. The appellants contend that the words in the ninth clause of the will, "shall revert back to my direct heirs," are absolutely conclusive that the testator contemplated that his devisee would survive him, and they base their contention upon *Jordan v. Hinkle,* 111 Iowa, 43. It was held in the *Jordan-Hinkle Case* that the use of the words "shall revert back," in connection with other words in the will, indicated clearly that death after that of the testator was meant. Thus the will in that case contained this provision: "That the real estate hereinbefore described shall go to my heirs in the manner and in the proportions I have specified herein, after my death;" and it is said, "This shows clearly an intention that the devise should not vest in the devisees until after the testator's death." This, we think, is clearly right, because by the language of the will itself the words "revert back" are defined and applied by the testator himself. But such is not the situation in the case at bar. Here they are used without explanation by the testator of the meaning he gave them. In the first clause of his will he made an absolute bequest of the property, both real and personal, to his two sons, Joseph and Frank, with the proviso only that it should not be "sold

or transferred for a period of twenty years after my death, but shall remain undivided, and the profits therefrom be equally divided," etc.; and this was a devise with power of sale to be clearly inferred. True it must be postponed during the period stated by the testator, but, notwithstanding this limitation, it clearly shows an intent to invest the plaintiff with an absolute title in fee upon the death of the testator. If the construction of clause 9 contended for by the appellants is adopted, we have at once a devise repugnant to the preceding bequest. The presumption of the law is that the testator intended no such result from the language he used, and that he wrote his will with the expectation that every part thereof would be given the meaning he expressed therein, and, if the single word "revert" had not been used there would be no trouble in determining his intention under the rules to which we have heretofore referred. There are no circumstances surrounding the execution of the will from which we may gather much light, except the single one that the plaintiff had been married about five years, and at that time had no children. The age of the testator or of the plaintiff are not given. The testator died, however, about a month after the will was executed; but whether suddenly, or whether he died of old age, or after a lingering illness, are not disclosed to us. So that we are compelled to look almost exclusively to the language of the will itself for an interpretation of the word used. It has several definitions. It does not always and under all circumstances mean to return something that has already been received; it means also to turn or to reflect a thing. If we could say that the testator deliberately used the word in its technical legal sense, intending to convey the meaning contended for, the case would present a different question; but we cannot presume that he intended to give the word a meaning that would make that clause of his will repugnant to the first one, and, where technical words are used, and a different meaning is fairly apparent from the whole will, "the technical sense

must bend to the apparent intention." Schouler, Wills, section 470. This view of the case will give every part of the will force and effect, while the construction contended for by the appellants would place the clause under consideration in direct conflict with the primary devise, for the power of sale after 20 years is given therein by clear and unmistakable inference.

The judgment of the district court is AFFIRMED.