JULIA A. HAVILAND v. WILLEY C. HAVILAND ET AL., Appellants.

**Wills:** LIFE ESTATE. A will devising property to a wife " for her
1 exclusive use and benefit during her life and after her death and funeral expenses are paid what remains to be equally divided " between testator's children, creates only a life estate, and even if there was an implied power of sale it was for the support of the widow and did not change the character of the estate.

**Same:** VESTED REMAINDERS. Where a will creates only a life estate
2 in the widow with remainder over to testator's children, the remainder vests in the children upon the death of the testator, and the heirs of a deceased child dying prior to the death of the widow will take their parent's interest.

**Deeds:** CONDITIONAL EXECUTION. A deed executed by one of several
3 eral remaindermen on condition that it should not become operative until executed by all, conveys no interest in the estate .prior to performance of the condition, even though delivered.

*Appeal from Webster District Court.*— HON. J. H. RICHARD, Judge.

FRIDAY, NOVEMBER 17, 1905.

Rehearing denied May 24, 1906.

ACTION in equity to set aside a deed and to establish an interest in real property. There was a judgment for the plaintiff, from which the defendants appeal.— *Affirmed.*

*Farrell & Price,* for appellants.

*Wm. T. Chantland,* for appellee.

SHERWIN, C. J.— A. J. Haviland and Mary C. Haviland were husband and wife.   In 1886 A. J. Haviland executed a will which contained the following clauses:   " First. I order and direct that my executors hereinafter named pay all my just debts and funeral expenses as soon after my decease as conveniently may be.   Second.   After the payment of such funeral expenses and debts, I give, devise and bequeath to my wife Mary C. Haviland all my property, real estate and personalty, wherever the same may be found, for her exclusive use and benefit during her life, and after her death and funeral expenses are paid what remains to be equally divided between my children, except the following articles which are to be given to the parties hereinafter named by my wife Mary C. Haviland after my death as soon as practicable."   The property specifically devised in the last clause were articles of personal property, which are not involved in this action.   The will named executors, and asked that they be allowed to sell at public or private sale, without accounting to the probate court.   A. J. Haviland died in 1888, leaving his widow, Mary C. Haviland, three sons, Willey C. Haviland, Elmer E. Haviland, and Perry A. Haviland, and two daughters, Lucy J. Black and Mary E. Humphreys.   Elmer E. Haviland died intestate and without issue in 1891, leaving a widow, Julia A. Haviland, the plaintiff herein.   Mary C. Haviland, the widow of A. J. Haviland, died intestate in May, 1901.   A. J. Haviland died seised of the property in controversy; it being commonly known as the " Haviland Nursery Property." On the 17th day of April, 1891, Elmer E. Haviland and the plaintiff, his wife, executed a deed quit-claiming to Mary C. Haviland all of their interest in the land in controversy. This suit was commenced in 1902; the plaintiff alleging that

the deed was procured by fraud, that it was never completely executed or delivered, and that it was without consideration. The trial court found that the conveyance was never completed or delivered, that the will of A. J. Haviland created a life estate only in his widow, Mary C. Haviland, and found the plaintiff to be the owner of an interest therein.

It is contended by the appellants that the second clause of the will devised to Mary C. Haviland an estate in fee, but we are clearly of opinion that nothing more than a life estate was devised to her. The will gave to her the property for her " exclusive use and benefit during her life." Language could hardly have been selected which would have been plainer or more unequivocal, and we do not think it necessary to again discuss the principles governing the construction of wills, or review the many cases cited by the appellants in support of their contention. Our conclusion, that only a life estate was devised by this clause of the will, is fully sustained by the following cases: *Rowe v. Rowe,* 120 Iowa, 17; *Podaril v. Clark,* 118 Iowa, 264; *Baldwin v. Morford,* 117 Iowa, 73; *Smith v. Runnells,* 97 Iowa, 55; *In re Proctor's Estate,* 95 Iowa, 172; *Jordan v. Woodin,* 93 Iowa, 453; *Stivers v. Gardner,* 88 Iowa, 307. If power to sell can be implied from the language of this clause, it is very clear that sale could only be made for the purpose of her " support, comfort and maintenance." In Baldwin v. Morford, *supra,* the will expressly gave authority to sell for such purpose, and we held that, notwithstanding this, a life estate only was devised.

The appellants further contend that, if the will created a life estate only in Mary C. Haviland, no interest vested in the children until the termination of the life estate, and, Elmer E. Haviland having died before his mother, that the plaintiff is entitled to nothing as his surviving widow. If the remainder after the particular estate of Mary C. Haviland was vested absolutely at the death of the testator and the time of distribution and enjoy-

1. WILLS: life estate.

2. SAME: vested remainders.

ment was alone postponed, the interest which the plaintiff now claims as the surviving widow of Elmer E. Haviland was properly decreed her, but, on the contrary, if the estate itself did not vest in the children until the termination of the life estate, she is entitled to nothing, because of her husband's death before the death of his mother, and hence before the termination of her estate.   We think there can be no serious question as to the intent of the testator.   The will gives the wife a life estate only in express terms, and then provides that after her death the remainder shall be divided among his children.   The words creating the devise to the children are of common use in wills, and, as said in *Archer v. Jacobs,* 125 Iowa, 467, save in a few exceptional cases, the courts have uniformly held them to refer to the time when the remainderman shall come into the enjoyment of the estate, and not to the time when his interest vests.   The same words or those of the same import have been so construed in the following, among others, of our own cases: Archer v. Jacobs, *supra,* and cases cited therein; *Tarbell v. Smith,* 125 Iowa, 388; In re Proctor's Will, *supra;* *Callison v. Morris,* 123 Iowa, 297.   See, also, *Moore v. Mathews* (N. J. Ch.) 61 Atl. 743.   The law favors vested estates; and, unless it clearly appears that the testator intended otherwise, the rule will prevail.   Tarbell v. Smith, *supra; Collins v. Collins,* 116 Iowa, 703.   Nor is the conclusion we reach here in conflict with the holding in *McClain v. Capper,* 98 Iowa, 145, and in *Taylor v. Taylor,* 118 Iowa, 408.   In the former case the language of the will was as follows:   " I will and bequeath to my beloved wife during the minority of my children the entire use and benefit of my real estate for the purpose of supporting and educating my children; and when my youngest child arrives at full age I desire that the real estate (after my wife's dower is set off to her herein) be equally divided between my children, Margaret Jane, Rose Ann, Oscar S., Flora E., Harvey M. and John K., their heirs or survivors of them."   It is

clear therefrom that it was the testator's intent to postpone the interest of his children until the youngest became of age. The estate was vested in the wife, not for her use and benefit, but for the purpose of supporting and educating the children during their minority.   Thus showing an intent to postpone the interest; for, if the estate had vested in them at his death, they would have come into the immediate possession thereof because there was no intervening estate in any one else.   In the Taylor Case the holding was based on the peculiar language devising the remainder in equal shares " between my children or their heirs," and the case is distinguished in Archer v. Jacobs, *supra*.

The last question for determination is one of fact, viz., was there a valid conveyance of the interest of Elmer E. Haviland?   We are fully satisfied there was not.   The evidence fairly shows that the deed was executed with the express understanding that it was not to be effective or to be delivered until the other children executed it, and thereby conveyed their interest in the land to the mother, and this they never did.   Without this, the instrument was not complete and conveyed nothing, even though delivered.   *Overman* and *Brown v. Kerr,* 17 Iowa, 485 ; 9 Am. & Eng. Enc. of Law (2d Ed.) 145, 158.

3. DEEDS: conditional execution.

The judgment is right, and it is *affirmed*.