(No. 20273.—

THE MILLIKIN NATIONAL BANK OF DECATUR *et al.* Exrs., Appellants, *vs.* KATHRYN J. WILSON *et al.* Appellees.

*Opinion filed February 18, 1931.*

McMillen, McMillen & Garman, for appellants.

Mr. Justice DeYoung delivered the opinion of the court:

The Millikin National Bank of Decatur and Arthur J. Gallagher as executors of the last will and testament of Rachel R. Gallagher Brown, deceased, filed their bill in the circuit court of Macon county for the construction of certain provisions of the testatrix's will and for the court's directions concerning the payment of certain bequests. Answers were filed by Arthur J. Gallagher individually and the Salvation Army, one of the legatees. All the other defendants failed to answer the bill and a decree *pro confesso* was rendered against them. The cause was referred to a master in chancery who heard the evidence and reported his findings. The chancellor modified a portion of these findings and rendered a decree construing the will, appointing trustees, and directing the payment of particular legacies. From that decree the executors prosecute this appeal.

Rachel R. Gallagher Brown, a widow, resided in Los Angeles, California, and died on November 7, 1928. She left surviving Arthur J. Gallagher, her son and only child, several brothers and sisters and twenty-two nephews and nieces. The son was a bachelor. Her estate consisted of 1240 acres of land in Macon and Piatt counties, Illinois, $40,000 in United States government bonds, $8000 in real estate mortgages, $16,000 in collectible promissory notes and certain goods and chattels. The will was admitted to record by the county court of Macon county and letters testamentary were issued to the appellants.

The testatrix, by the second paragraph of her will, directed the payment of her debts and funeral expenses; by the fourth, seventh and eighth paragraphs bequeathed legacies aggregating $4000, and by the tenth made a bequest of her jewelry and wearing apparel. The executors sought the

circuit court's construction of the third, fifth, sixth and ninth paragraphs of the will which, respectively, are as follows:

"I give and bequeath to my dear sister Kathryn J. Wilson, residing at the date hereof, at 1403 South Burlington street, city of Los Angeles, State of California, to be paid to her monthly on the first day of each and every month, during her lifetime, the sum of one hundred dollars, such payments to be made from the interest received from the bonds of the United States belonging to my estate or if this source of income should cease then these monthly payments to the said Kathryn J. Wilson, of one hundred dollars, shall be paid from the accruing interest from said real estate mortgage notes of a sufficient amount to produce, in interest, the said amount of monthly payments of one hundred dollars, and my executors are hereby instructed to maintain such an amount of real estate mortgage notes as will produce a sufficient amount for such monthly payments.

"I give and bequeath to the Salvation Army organization the sum of five thousand dollars.

"I give and bequeath to the Knights of Columbus of Los Angeles the sum of five thousand dollars.

"I give and bequeath to my son, Arthur J. Gallagher, after the bequests hereinbefore mentioned are paid and the monthly income of one hundred dollars to my beloved sister Kathryn J. Wilson has been securely provided for, all the income from the residuary of my estate, real, personal and mixed which I shall die, seized and possessed or to which I shall be entitled at my decease consisting in part of all lands in the State of Illinois and all real estate wherever situated and all personal property of every character and kind for his use and benefit during his life, and in the event of his death the said income from my said estate shall inure to the use and benefit of his widow, and in the event of the death of his widow then to his children during their lives, and after all the bequests hereinbefore enumerated have been executed and terminated then the residuary estate

shall be divided equally share and share alike to all my nephews and nieces living at that time. I leave nothing to my brothers and sisters because I helped them when they were young and needed help."

It appears from the evidence that chapter 621 of the Knights of Columbus was the only chapter of that organization in the city of Los Angeles at the time the will was executed, but that the number had increased to seven when the testatrix died. The circuit court, by its decree, found that it was the intention of the testatrix, by the fifth paragraph of her will, to bequeath to the Salvation Army of Los Angeles, California, and to the Salvation Army of Decatur, Illinois, each the sum of $2500; that by the sixth paragraph she intended to bequeath to chapter 621 of the Knights of Columbus of Los Angeles, California, the sum of $5000; that, by the third and ninth paragraphs, she intended to bequeath the personal property which remained after the payment of her debts, the legacies mentioned in the fourth, seventh, eighth and tenth paragraphs of her will and the costs and expenses of administering her estate, to the Millikin National Bank and Arthur J. Gallagher as trustees, but that she failed expressly to designate them as such; that she intended that they, as trustees, should hold the residue of the property during the lives of Kathryn J. Wilson and Arthur J. Gallagher and the life of their survivor, and out of the income therefrom, after defraying the cost of the trusteeship, first pay to Kathryn J. Wilson one hundred dollars per month during her life and the remainder to Arthur J. Gallagher during his life, and upon the death of the survivor, divide the trust estate, with its accumulations, if any, among the nephews and nieces of the testatrix then living as a class; that by the provision of the ninth paragraph of the will, "and in the event of his death the said income from my estate shall inure to the use and benefit of his widow, and in the event of the death of his widow then to his children during their lives," the testatrix con-

templated the death of her son prior to her death, in which event his widow, child or children were to be substituted, but that, since the son survived the testatrix, the widow, child or children whom he might leave surviving should take no interest under the will, and that, subject to the life estate of the son, all the nephews and nieces of the testatrix who lived at the time of her death, had as a class, a vested interest in her real estate, subject to divestiture as to any nephew or niece who might die after the death of the testatrix and prior to the death of her son and subject to be opened to admit any nephews or nieces of the testatrix born within that period. No complaint is made on this appeal of the division of the legacy of five thousand dollars between the Salvation Army of Los Angeles, California, and the Salvation Army of Decatur, Illinois.

It is contended that the bequest to the Knights of Columbus of Los Angeles, California, is indefinite because at the time the will was executed only one chapter, 621, of that organization existed in Los Angeles, while at the time of the testatrix's death, there were seven chapters of the same organization in that city. The evidence fails to disclose that the testatrix ever manifested any particular interest in chapter 621 of the Knights of Columbus as a distinct body. An intention to aid the entire membership of the Knights of Columbus in Los Angeles is more consistent with the language of the will. Such an intention could not be effected if the whole legacy were paid to the particular chapter which existed when the will was executed. A gift by will to a class takes effect at the death of the testator or testatrix, unless otherwise directed in the will. (*Lancaster* v. *Lancaster,* 187 Ill. 540; *McCartney* v. *Osburn,* 118 id. 403). The chancellor erred in directing that the legacy in question be paid solely to chapter 621 of the Knights of Columbus of Los Angeles. It should be paid to the various chapters of the organization in that city in proportion to their memberships on the day of the death of the testatrix.

The appellants contend that only so much of the personal property as will assure an income sufficient to pay the annuity to Kathryn J. Wilson should be retained in trust and that the circuit court erred in requiring all of the personal property, after the payment of debts, legacies and expenses of administration, to be held in trust for that purpose. The testatrix neither required nor contemplated that the whole of the residue of her personal property should constitute a trust fund to yield the income out of which the annuity would be paid. She directed the payment of the annuity from the interest received on the bonds issued by the United States government, and if that source of income should cease, recourse, it was provided, should be taken to the interest derived from real estate mortgages and the executors were instructed to maintain investments of that character in the aggregate sufficient to produce the income necessary to pay the annuity. In accordance with this plan, the testatrix, by the ninth paragraph, made disposition of the income from the residue of the estate after the payment of the specific legacies, and "the monthly income of one hundred dollars to my beloved sister Kathryn J. Wilson has been securely provided for." The annuitant, Kathryn J. Wilson, has no interest in the excess of the income or in the securities which yield that excess. (*Welch* v. *Hill,* 218 Mass. 327). The duty of setting apart and maintaining United States government bonds or real estate mortgages yielding an income sufficient to pay the annuity may be performed by the executors until their discharge as such and thereafter by the same parties acting as trustees. *Leslie* v. *Moser,* 163 Ill. 502; *Maguire* v. *City of Macomb,* 293 id. 441; *Wylie* v. *Bushnell,* 277 id. 484.

The circuit court found that, by the provision, "and in the event of his death the said income from my estate shall inure to the use and benefit of his widow, and in the event of the death of his widow then to his children during their lives," contained in the ninth paragraph of the will, the

testatrix contemplated the death of her son prior to her death, in which case his widow and child or children would be substituted in his stead, but because the son survived his mother, the widow and child or children who might survive him would take no interest under the will. The contention is made that the circuit court erred in this respect and that the testatrix did not intend to exclude, in the event her son survived her, the widow and child or children who might survive him from successive life estates in the residue. The interests of Arthur J. Gallagher's widow and child or children, should any survive him, are either successive or substitutionary, depending upon the proper construction of the words "and in the event of his death." The established rule is, that where there is a devise to one person and in case of his death to another, there being no contingent or doubtful circumstances connected with such death, the testator will be presumed to intend a death preceding his own, but if the devise over is to take effect upon the death of the first taker under circumstances which may or may not take place, the devise over, unless controlled by other provisions of the testamentary instrument, will take effect upon the death of the first taker under the circumstances specified, either before or after the death of the testator. (*Fifer* v. *Allen,* 228 Ill. 507; *Ahlfield* v. *Curtis,* 229 id. 139; *Lachenmyer* v. *Gehlbach,* 266 id. 11; *Sheley* v. *Sheley,* 272 id. 95; *Welch* v. *Crowe,* 278 id. 244; *Morris* v. *Phillips,* 287 id. 633; *Risser* v. *Ayers,* 306 id. 293; *Clark* v. *Leavitt,* 330 id. 350). The rule that where there is a devise *simpliciter* to one person and in case of his death to another, the words refer to death of the devisee in the lifetime of the testator can not be applied where the devise to the first taker is not a devise *simpliciter* but is only for life, and in such a case the gift over will not fail on account of the devisee for life surviving the testator. (*Kolb* v. *Landes,* 277 Ill. 440). The phrase "In the event of the death of" may mean death at any time, and circumstances shown may suffice to give the

words that import. (Rood on Wills, (2d ed.) sec. 656; *Hoopes's Estate*, 231 Pa. St. 232; *Jordan* v. *Hinkle*, 111 Iowa, 43; *Matter of Cramer*, 170 N. Y. 271; *Mead* v. *Maben*, 131 id. 255). The ninth paragraph itself shows that the testatrix did not contemplate the death of her son, the life tenant, prior to her death with substitutionary life interests to his widow and child or children, should any survive him. The income from the residue of the estate was not made available to the son until the specific legacies had been paid. The death of the testatrix was a prerequisite to the payment of these legacies and the requirement that they be paid before the son could enjoy the residuary income necessarily involved his survivorship. To hold that the testatrix intended to exclude the son's widow and child or children in case he survived the testatrix would do violence to the language of the will and would contravene the rules of testamentary interpretation. The testatrix, by the ninth paragraph of her will, intended her son to have a life estate in the residue with successive life estates in his widow and child or children, should any survive him, the remainder to vest in her nephews and nieces living at the time fixed for the final division and distribution of the estate.

It is finally contended that the remainder devised and bequeathed to the nephews and nieces of the testatrix is contingent and because the time of its vesting may be too remote, the rule against perpetuities is violated. The pertinent part of the ninth paragraph is as follows: "and after all the bequests hereinbefore enumerated have been executed and terminated, then the residuary estate shall be divided equally share and share alike to all my nephews and nieces living at that time." The remainder is given to the nephews and nieces living at the time of division and distribution. The last of the successive life interests must expire before that point of time arrives, and it cannot be determined in advance of their expiration who the surviving nephews and nieces will be. The condition of survivorship is incorporated

into the description of and into the gift to the remaindermen, and the remainder is therefore contingent. *Ryan* v. *Beshk,* 339 Ill. 45; *Schaffenacker* v. *Beil,* 320 id. 31; *Ortgiesen* v. *Ackerman,* 311 id. 492; *McCartney* v. *Osburn, supra.*

Professor Gray's statement of the rule against perpetuities, viz.: "No interest subject to a condition precedent is good, unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest," is in force in Illinois. (Kales, Estates, Future Interests, (2d ed.) sec. 652; *Howe* v. *Hodge,* 152 Ill. 252). It is an inviolable rule of law and cannot be invoked to ascertain the testator's intention. (*Dime Savings and Trust Co.* v. *Watson,* 254 Ill. 419). A limitation that may be too remote is void from the outset. (Wigram on Wills, part 2, O'Hara's Interpretation of Wills, pp. 379, 380; *Aldendifer* v. *Wylie,* 306 Ill. 426; *Barrett* v. *Barrett,* 255 id. 332). To escape the application of the rule, it must appear at the time the future interest is created, that, under any conceivable combination of circumstances, the interest will necessarily vest within the period prescribed. It is not sufficient that the future interest may vest within that period. In the present case Arthur J. Gallagher is a bachelor. He may, however, marry a woman born after his mother's death and of that marriage there may be a child or children. By the ninth paragraph of the will, the termination of the last of their successive life estates is made a condition precedent to the vesting of the remainder in the nephews and nieces of the testatrix. Since the remainder may vest at a time beyond the prescribed period, it violates the rule against perpetuities and is void.

The effect of the void remainder upon the other provisions of the will remains to be considered. The rule by which that question is to be determined is that where a will contains separate provisions some of which are valid and others invalid, those which are valid will be upheld if they can be separated from the others which are invalid without

defeating the intention of the testator or interfering with the general testamentary scheme. If there is a connected and inseparable scheme of disposition of the estate, each part of which is so connected with the others that they are interdependent, and the presumed intention of the testator would be defeated if one portion were retained and other portions rejected, or if manifest injustice would result from such construction to one or more of the beneficiaries, then all the provisions must be construed together and all must be held illegal. (*Easton* v. *Hall*, 323 Ill. 397; *Beal* v. *Higgins,* 299 id. 229; *Barrett* v. *Barrett, supra*). An examination of the will in question discloses that the bequest of the annuity to Kathryn J. Wilson by the third paragraph, and the gifts of the legacies by the fourth, fifth, sixth, seventh, eighth and tenth paragraphs are wholly independent of the other provisions of the will. These bequests, it is apparent, the testatrix would have made without regard to any plan she might adopt for the disposition of the remainder of her property and they must therefore be upheld. The ninth paragraph, however, presents in itself a connected and inseparable scheme for the disposition of the residue of the estate. It is equally apparent that the testatrix would not have created successive life estates in her son, his widow and his child or children should any survive him, if she had known that the remainder to such of her nephews and nieces as survived the termination of the last of the life estates would be void. The ninth paragraph is invalid and must be separated from the other provisions of the will and the property which the testatrix sought to devise and bequeath by that paragraph will descend to Arthur J. Gallagher, her son and only heir-at-law, in accordance with the statute.

The decree of the circuit court is reversed and the cause is remanded to that court with directions to enter a decree in conformity with this opinion.

*Reversed and remanded, with directions.*