BANKERS TRUST COMPANY, Appellant, v. JOHN A. GARVER, JR., et al., Appellees.

No. 43156.

July 31, 1936.

 ██

Gamble, Read & Howland, for appellant.

Parrish, Guthrie, Watters & Colflesh, for appellees.

STIGER, J.—The last will and testament of John A. Garver, Sr., was admitted to probate on December 17, 1915, in the district court of Polk county, Iowa.

Item No. 4 of said will reads as follows:

"Item No. 4. I hereby devise and bequeath the remainder of my property, real, personal, mixed and any kind whatsoever to C. W. Pitcairn, Ella G. Pitcairn and B. S. Walker, in trust, however, and for the purposes herein mentioned."

It is this trust property referred to in Item No. 4 that is involved in this suit and the terms of the trust are found in Item No. 8 of the will read in conjunction with Item No. 7.

Item No. 8 reads as follows:

"Item No. 8. It is my will and I direct that said Trustees hold the remainder of my property in trust for the use and purpose to-wit: from the income they to pay all taxes, costs and expenses pertaining to the care and settlement of my estate, the balance of the income they divide equally between said children named in Item Seven. To use and have the same discretion in holding in trust said property or in equally dividing and distributing among said four children or their lawful issue said fund the same as provided for the disposition of the funds in Item Seven. The income from said fund and the fund itself to be used, treated and disposed of the same as the fund in Item Seven. Five years after the death of my wife, said Trustees may close up this fund equally as provided for closing up funds in

Item Seven of this my will, but because said Trustees may decide to close up funds in Item Seven do not preclude their continuing this trust under Item Eight, if in their discretion they think it wise to do so, only continuing to distribute the income and hold the trust intact.''

Item No. 7 reads as follows:

''Item No. 7. It is my will and I hereby direct that my said trustees shall set apart four funds of Twenty-Thousand dollars each, one fund being for Ella G. Pitcairn, one for Emma G. Sperry, one for Laura G. Wright, one for John A. Garver, Jr., said Trustees to have full discretion in the management of each and all of said funds, to use their best judgment as to whether it would at any time be a safe, wise and prudent thing to pay over to either or any one, or all, any parts or all said fund. Should said Trustees in their discretion think best, they may pay over the said fund or any part, but should said Trustees think it an unwise and imprudent thing to pay any child any part or all said fund they must not do it. Said Trustees shall invest each said fund as in their judgment seems best and to pay to said children the income produced from the fund annually. Should either of said four children die leaving lawful issue of their body, said Trustees shall pay the income from that respective fund to the said lawful issue until such time as the youngest reaches twenty-one years when, if in the judgment of said Trustees they deem it unwise to turn over said fund to said lawful issue upon the youngest reaching twenty-one years they must not do it, but the Trustees shall pay and continue to pay the income during their life and upon their death the fund to go to their lawful issue, if no lawful issue, to revert to my remainder. Said Trustees may after the expiration of five years from the death of my wife, close up these said trust funds, either by paying each child its said fund or investing said fund for his or her benefit during life, then to his or her children.''

The Bankers Trust Company, plaintiff herein, recovered a judgment against defendant, John A. Garver, Jr., one of the beneficiaries of the trust, May 22, 1933.

The plaintiff states in its petition that the action is brought under section 11815, 1931 Code, to subject the interest of John A. Garver, Jr., in the estate to the judgment and to establish a lien thereon; that said Garver, Jr., has no other property against

which execution could be issued to enforce payment of the judgment. Plaintiff further alleges in its petition that the trust purporting to have been created by and arising under the last will and testament of John A. Garver, Sr., deceased, is and always has been void, unlawful, and of no force nor effect for the reason that the said trust is so ambiguous, conflicting, and confusing that the same is incapable of interpretation or administration; and for the further reason that the disposition of the "remainder" of the estate by Items No. 4, No. 7, and No. 8 of the will is in violation of, and contrary to section 10127, Code of Iowa, 1931 (formerly sec. 2901, Code of 1897), in that such disposition suspends or purports to suspend the absolute power of control of such property for a longer period of time than permitted by said statute; and for the further reason that it is impossible to ascertain the true intent and purpose of the testator under the terms and provisions of the trust. Plaintiff further alleges that no fee or title to the said property asserted to have passed to the named Trustees by virtue of the provisions of the last will and testament of Garver, Sr., deceased, did in fact pass or become vested, and that no trust now, or ever has, in fact, existed as to the purported trust estate, and that on the contrary the heirs at law of the said John A. Garver, Sr., deceased, became the owners of all the property purporting to have passed into said trust estate according to the provisions of the laws of the state of Iowa, respecting the descent of property, and that the defendant Garver, Jr., personally is and at all times has been, one of such heirs at law, and that his interest in the said property asserted to constitute the purported trust estate is subject to the lien of the judgment held by plaintiff against Garver, Jr.; that irrespective of whether said trust lawfully arose, the said Garver, Jr., is under the terms and provisions of the said will, the beneficial owner of an undivided one-fourth thereof, and said interest should as a matter of equity and law be subjected to the lien of plaintiff's judgment; that by the terms of said will the said trust may be terminated upon the conditions named therein. The plaintiff further alleges that unless aided by a discovery under sections 11815 to 11818, inclusive, Code of Iowa, 1931, it will or may be remediless in the premises. Plaintiff prays that the trust be held null and void in so far as it is purported to effect the interest of defendant, Garver, Jr., in his personal capacity in the properties asserted to be included in the trust

estate of which the trustees, defendants, assert ownership and right of possession; that plaintiff's judgment be established as a lien on the undivided interest of defendant, John A. Garver, Jr., in the real estate or interests included in the trust and that such interest be sold in so far as is necessary for the purpose of realizing sufficient amount to pay such judgment with interest, attorney fees and costs; that said judgment be so established and the interests sold irrespective of whether said trust shall be declared and held null and void.

The appellees interpose three defenses to the petition:

(1) Denial that the will violates the statute of perpetuities.

(2) The action is barred by statutes of limitation namely, sections 11882, 11007, and 10378 of the Code.

(3) Denial that plaintiff as a judgment creditor of a beneficiary under a will has any standing in court to either have the will construed or set aside.

The lower court held plaintiff was not entitled to the relief prayed for and dismissed its petition.

Plaintiff appeals from the judgment.

I. We will first determine whether or not the trust offends the statute against perpetuities, section 10127, Code of 1931.

Appellees contend that the period of suspension of absolute power over the trust property, and the beneficiaries of the trust, are found in the following clause in Item No. 8 of the will:

"To use and have the same discretion in holding in trust said property or in equally dividing and distributing among said four children or their lawful issue said fund the same as provided for the disposition of the funds in Item Seven."

That is, appellees claim that the trust concerns only the four children of the testator and their lawful issue. This is an incorrect interpretation of Item No. 8. The above clause must be read in conjunction with the sentence which follows, which reads as follows:

"The income from said fund and the fund itself to be used, *treated and disposed of* the same as the fund in Item Seven."

We turn to Item No. 7 for the solution of this question.

Item No. 7 gives the trustees power to pay to any child all or any part or none of the respective funds as in the exercise of their discretion they may deem wise and prudent. Upon the death of a child the income from the fund shall be paid to his

lawful issue, if any, until the youngest reaches the age of twenty-one years, at which time the trustees may or may not, in their discretion, pay the fund to such issue. If they do not, they shall pay the income to them during their natural life and upon their death the fund shall go to their lawful issue, and if none, to the testator's remainder.

Is the estate in remainder of the property passing in trust under the will vested or contingent?

In the case of Horner v. Haase, 177 Iowa 115, on page 119, 158 N. W. 548, 549, the court states:

" ' "A remainder is contingent when it is so limited as to take effect as to a person not *in esse,* or not ascertained * * *." If the gift is immediate though its enjoyment be postponed it is vested; but if it is future, and is dependent upon some dubious circumstance through which it may be defeated then it is contingent. * * *' Taylor v. Taylor, 118 Iowa 407, 92 N. W. 71.

" 'The uncertainty which characterizes a contingent, as distinguished from a vested remainder is uncertainty as to the person or the event and not as to the time of enjoyment.' Jonas v. Weires, 134 Iowa 47, 111 N. W. 453."

In the case of Fulton v. Fulton, 179 Iowa 948, at page 957, 162 N. W. 253, L. R. A. 1918E, 1080, the court states:

"A contingent remainder is where the estate in remainder is limited to take effect either to a dubious or uncertain person or upon a dubious or uncertain event, so that the particular estate may be determined and the remainder never take effect."

See also Scofield v. Hadden, 206 Iowa 597, 220 N. W. 1; Olsen v. Youngerman, 136 Iowa 404, 113 N. W. 938; Shafer v. Tereso, 133 Iowa 342, 110 N. W. 846.

 In this trust the remainder is so limited as to take effect as to persons not *in. esse* and is a contingent remainder.

Section 10127, 1931 Code, reads as follows:

"Perpetuities prohibited. Every disposition of property is void which suspends the absolute power of controlling the same, for a longer period than during the lives of persons then in being, and twenty-one years thereafter."

A perpetuity is any limitation or condition which may take away or suspend the absolute power of alienation of an estate

for a period beyond life or lives in being and twenty-one years thereafter. The rule against perpetuities has no application to vested estates. 21 R. C. L. 288; In re Lilley's Estate, 272 Pa. 143, 116 A. 392, 28 A. L. R. 366.

A possibility that a future interest may not vest within the limits of the rule against perpetuities is fatal to its validity. The estate in remainder must be vested at the time of the disposition or must of necessity vest within the time permitted by the statute to avoid offending the statute. 48 C. J. 944; Milliken National Bank v. Wilson, 343 Ill. 55, 174 N. E. 857, 75 A. L. R. 117.

48 C. J. 971, Sec. 54, subd. 2. "Limitations over after limitation to unborn person. A remainder over, after a valid preceding interest or estate limited to one not in being at the time of its creation, is not too remote if it is vested at its creation in an ascertained person or corporation or will necessarily become so vested, if at all, within the period prescribed by the Rule against perpetuities * * *. But if a contingent remainder, after such an interest, may not become vested until a time after its creation beyond the period specified by the Rule against perpetuities it is void for remoteness."

■■■ In this case Garver, Jr., might have a son who would take the second life estate who might live more than twenty-one years after his father's death, and the trustees might conclude to pay the income until his death.

There are other contingencies under which the remainder might not vest within the rule against perpetuities.

We hold that the disposition of the remainder of the property by this trust is void under the statute prohibiting perpetuities.

II. The next question to determine is the effect of the void limitation over on the prior or particular estate.

We are not referred to nor do we find a decision of this court passing on this question.

Gray in his treatise on the Rule against perpetuities (3d Ed.) states at page 229, sec. 247:

"(1) Effect on Prior Limitations. If future interests created by any instrument are avoided by the Rule against perpetuities, the prior interests become what they would have been had the limitation of the future estates been omitted from the instrument, * * *."

"Sec. 248. If the devise of a future interest is void for remoteness, but the prior devise is for life only or other limited period,—for instance, if there be a devise to an unborn child for life, remainder to the unborn child of such unborn child,—the property after the termination of the prior interest goes to the person to whom property which has been invalidly devised or bequeathed goes. This person is generally the heir in case of realty, and the residuary legatee in case of personalty. There is no difference in this respect between a devise or bequest void for remoteness and a devise or bequest void for any other reason."

In the case of Hazen v. American Security & Trust Company, 49 App. D. C. 297, 265 Fed. 447, the testator devised in trust one-half of his estate as follows:

"For the use and benefit of my said adopted daughter during her life and shall pay to her and not to her creditor or assign of hers the net income from said one-half * * *. And upon her death the said one-half shall be held for the use and benefit of the children of said adopted daughter then living, or the issue of such of them as may then be dead leaving issue surviving my said adopted daughter * * * and each of the children of said adopted daughter shall take only for and during the terms of their respective lives and upon the death of each the share of the one so dying shall go absolutely to the persons who shall then be her or his heirs at law * * *."

The heirs at law of the testator claimed the estate on the ground that the provisions of the devise were void for remoteness. The court held that the void remainder did not affect the validity of the preceding limitation, stating at page 450:

"The devise to the children of Hannah E. Duffey was a devise to a class, which, of necessity, was made up within her lifetime, and the share of each became fixed and certain at her death, and in no way affected by the provision as to the remainder. Unlike the situation in Wills v. Maddox, 45 App. D. C. 128, the life interests were not so involved in the gift over as to be dependent upon it. A reading of the paragraph of the will under consideration irresistibly leads to the conclusion that the special objects of the testator's bounty were Mrs. Duffey, referred to as his adopted daughter, and her children. There is no reason to assume that the testator intended his provision for

these special objects of his solicitude to be dependent upon the remote interests thereafter devised.''

See also Rozell v. Rozell, 217 Mich. 324, 186 N. W. 489; In re Lilley's Estate, supra.

■■■ Appellant contends that the void limitation over is such an essential part of the testamentary scheme, as disclosed by the will, that to uphold the prior estates without upholding the remainder would defeat the primary or dominant purpose of the testator and therefore the valid part of the will, that is the prior estates, must fall with the invalid part.

We cannot agree with appellant's position.

That the special objects of the testator's bounty were John A. Garver, Jr., and his lawful issue is quite clear. The trustees were given full power to convey all of the trust property absolutely to them and it was only the balance of the property not so conveyed, if any, that went in remainder.

We conclude that the void remainder over did not affect the validity of the particular estates.

■■■ III. Having upheld the prior life estates of John A. Garver, Jr., and his lawful issue during the permitted period of the statute it follows that the void limitation over, that is the remainder, descends under the laws of intestacy and that John A. Garver, Jr., as an heir of the testator has an undivided vested remainder in the trust property undisposed of at the end of the permitted period. Jones v. Clyman, 193 Iowa 1248, 188 N. W. 954; In re Lilley's Estate, supra.

In the case of Steiff v. Seibert, 128 Iowa 746, 105 N. W. 328, 330, 6 L. R. A. (N. S.) 1186, the court states:

''We think the proper Rule is this, that where a life estate is given and the provisions as to an added power of disposal, no matter how broad, contemplate a possibility that a portion of the property may remain undisposed of under that power, the provision as to a remainder in such portion as shall be undisposed of at the termination of the life estate is effective and vests such remainder in the devisee's name.''

This intestate remainder was vested in Garver, Jr., at the time of the death of the testator, and plaintiff is entitled to the establishment of its judgment as a lien on Garver, Jr.'s undivided one-fourth interest in the remainder.

■■■ IV. The appellee maintains that the plaintiff, as a

judgment creditor of John A. Garver, Jr., has no right to bring an action to construe or adjudicate the validity of the will, and cites many authorities in support of this proposition including the case of Collins v. Aherns, 189 Iowa 178, 176 N. W. 953.

The Collins case holds that:

"Equity has no jurisdiction to construe a will at the insistence of a mere creditor of one who might inherit if the will be construed in a given way."

We cannot extend the rule laid down in the Collins case to an action of this kind.

The plaintiff brought this action under code section 11815, to discover, and subject to the satisfaction of its judgment property of its judgment debtor, John A. Garver, Jr.

It alleges that the said Garver is an heir, at law, of the testator and is the owner of an undivided one-fourth interest of the trust estate.

We have found that Garver, Jr., is the owner of a vested remainder interest in the trust property, and a lien should have been established by the district court on such property, though the discovery involved the construction of the will. See Ober v. Dodge, 210 Iowa 643, 231 N. W. 444; Diagonal State Bank v. Nichols, 219 Iowa 342, 258 N. W. 700.

Under paragraph No. 7 of the will, if a child dies without issue, his remaining undivided interest in the trust property described in the stipulation of facts, exhibit A is a part of the intestate remainder; if a child dies leaving lawful issue the share of such child remaining at the termination of the permitted period, or at his prior death, is a part of the vested intestate remainder.

The plaintiff is entitled to have a lien created in such intestate remainder property, to secure its judgment, and the district court erred in dismissing plaintiff's petition.

■■■ The plaintiff's cause of action was not barred by the statutes of limitation cited by appellee.

The case is reversed and cause remanded for a decree in the lower court, in harmony with this opinion.—Reversed and remanded.

PARSONS, C. J., and ALBERT, KINTZINGER, RICHARDS, and ANDERSON, JJ., concur.