DESSA G. FLANAGAN, Plaintiff, Appellee, v. OREN J. SPALTI et al., Defendants, Appellants, W. O. SLOAN LUMBER Co. et al., Defendants, Appellees.

No. 44424.

NOVEMBER 22, 1938.

1232

Johnson & Johnson, for appellants.

Havner, Flick & Powers, for appellee Dessa G. Flanagan.

R. E. Farrand, for appellee W. O. Sloan Lumber Co.

C. A. Kading, for appellee, C. C. Proffitt.

Stipp, Perry, Bannister & Starzinger, for appellee, Stern Finance Co.

H. E. DeReus and Vander Ploeg & Heer, for appellee, Henry Prange.

KINTZINGER, J.—The facts in this case are undisputed. The record shows that Eldora E. Myers died testate, a resident of Marion County, Iowa, on the 24th day of February, 1916, seized of some 670 acres of land in that county. The question involved in this case relates to the construction of the will of said Eldora E. Myers. That part of the will involved in this case contains the following provision:

"I give, devise and bequeath my estate and property, real and personal, as follows, that is to say:

"To my loving husband, W. S. Myers, I will, devise and bequeath all my property both real and personal including all moneys and credits, to make disposal of the same as he shall see fit, *with the exception of one-half interest in the two farms,* one known as the Pitman farm containing 518 acres, * * * and one known as the Johnston farm containing 160 acres, * * * *which half interest in said farms I hereby will, devise and bequeath to the legal heirs of my father to be distributed among them in accordance to law, at the death of my husband W. S. Myers, he to have the use of and the income from said farms during his lifetime.*" (Italics ours.)

The father of Eldora E. Myers was one Joachim Spalti, de-

ceased; and the record shows that he was dead at the time the will was executed. It was stipulated that at the time of the death of Eldora E. Myers the following were the heirs at law of her father, to wit: Oren J. Spalti, H. E. Spalti, brothers of Eldora E. Myers, deceased; Ralph S. Flanagan, a nephew, and Lois M. Flanagan, a niece, children of Alma J. Flanagan, a deceased sister of Eldora E. Myers.

It was further stipulated in the record that all of the heirs of Joachim Spalti were living at the time of the death of W. S. Myers, the husband of Eldora E. Myers, with the exception of Ralph S. Flanagan. The record also shows that said W. S. Myers died on or about September 14, 1934. The record also shows that Ralph S. Flanagan, one of the devisees named in the testator's will, died prior to the death of W. S. Myers, the surviving spouse of Eldora E. Myers.

The record also shows that prior to the death of Ralph S. Flanagan, he had conveyed all of his interest in the farm lands described in testator's will to Dessa G. Flanagan, plaintiff, his wife.

The chief question raised by appellants in this case is that the devise to Ralph S. Flanagan was simply a contingent remainder and that he therefore had no vested interest in the property devised to him in the will of Eldora E. Myers. Appellee contends that the interest of Ralph S. Flanagan was a vested interest and that his deeds to Dessa G. Flanagan conveyed a good title to the property therein described, subject only to a life estate in W. S. Myers. The lower court held that the will of Eldora E. Myers gave a vested remainder of the farm lands in question to the heirs of her father, living at the date of her death, which included Ralph S. Flanagan, and that said Ralph S. Flanagan took an undivided one-twelfth interest in said real estate by virtue of the will in question, and that said property is now the property of plaintiff herein. From this ruling of the court defendants appeal.

I. Appellants contend that Ralph S. Flanagan did not have a vested estate in the property described in decedent's will and took only a contingent remainder therein, he having died prior to the death of W. S. Myers, deceased.

Appellee contends that Ralph S. Flanagan had a vested estate in the farm lands devised by the testator because the will specifically provided that the half interest of the farms not de-

vised to W. S. Myers was devised and bequeathed to the legal heirs of her father to be distributed among them in accordance to law.

Appellee also contends that the heirs of Joachim Spalti hereinabove named were living at the time of Eldora E. Myers' death and that the estate devised to them was subject only to a life estate in W. S. Myers, and that subject to such life estate said Ralph S. Flanagan had a vested interest therein.

Appellants contend that the estate or interest of Ralph S. Flanagan was not a vested but a contingent estate at the time of the testator's death and was therefore not subject to alienation by him prior to the death of W. S. Myers.

"No definitions ever have been or ever will be given which will relieve all cases from doubt" upon the question as to what is a vested or contingent remainder. 69 C. J. 617.

Upon this question, 40 Cyc. 1664 says:

"A vested remainder is a remainder limited to a certain person and on a certain event, so as to possess a present capacity to take effect in possession should the possession become vacant. * * * The chief characteristic which distinguishes a vested from a contingent remainder is the present capacity to take effect in possession should the possession become vacant, and the certainty that the event upon which the vacancy depends will happen sometime, and not upon the certainty that it will happen or the possession become vacant during the lifetime of the remainderman. In the case of a vested remainder, there is a person in being ascertained and ready to take, who has a present right of future enjoyment, which is not dependent upon any uncertain event or contingency, while in the case of a contingent remainder the right itself is uncertain. * * * As a general rule, however, remainders to ascertained persons to take effect in possession upon the termination of the preceding estate are vested, and are not rendered contingent by the uncertainty as to the time of enjoyment, or the uncertainty as to whether the remainderman will outlive the preceding tenant, or the remainder ever take effect in possession."

This is the rule as announced in Archer v. Jacobs, 125 Iowa 467, l. c. 475, 101 N. W. 195, l. c. 197, where this court says:

"Generally speaking, when there is a person in being who would have an immediate right to the possession of the lands, should the life tenancy now terminate, such person has a vested remainder. If, however, something more than the duration of the life tenancy stands between the remainderman and the right to immediate possession—if there be some unperformed or unfulfilled contingency which would prevent his taking possession, were the life tenancy now to terminate—then his remainder is contingent. In other words, 'it is the present capacity of taking effect in possession if the possession were now to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, that distinguishes a vested from a contingent remainder.' "

 This court has consistently held in a long line of cases that, "when there is a person in being who would have an immediate right to the possession of the lands, should the life tenancy now terminate, such person has a vested remainder." Archer v. Jacobs, 125 Iowa 467, 475, 101 N. W. 195, 197; Skelton v. Cross, 222 Iowa 262, 268 N. W. 499, 109 A. L. R. 129; Bogenrief v. Law, 222 Iowa 1303, 271 N. W. 229; Lingo v. Smith, 174 Iowa 461, 156 N. W. 402; Shafer v. Tereso, 133 Iowa 342, 110 N. W. 846; Jonas v. Weires, 134 Iowa 47, 111 N. W. 453; Haviland v. Haviland, 130 Iowa 611, 105 N. W. 354, 5 L. R. A., N. S.. 281; Fulton v. Fulton, 179 Iowa 948, 162 N. W. 253, L. R. A. 1918E, 1080; Bankers Trust Co. v. Garver, 222 Iowa 196, 268 N. W. 568.

In Lingo v. Smith, 174 Iowa 461, l. c. 468, 156 N. W. 402, l. c. 405, this court said: "The law presumes that words of postponement relate to the enjoyment of the remainder, rather than the vesting thereof, and the intent to postpone the vesting of the estate must be clear and manifest."

 In Shafer v. Tereso, 133 Iowa 342, l. c. 345, 110 N. W. 846, l. c. 847, we said:

"Generally speaking, if there is a person or persons in *esse* known, and, ascertained who, by the will or deed creating the estate, may take and enjoy the estate upon the expiration of the existing particular estate and whose right to such remainder no contingency can defeat, such remainder is a vested one. But, if the remainder is limited to take effect either to a dubious and uncertain person, or upon a dubious or uncertain event then it is a contingent one. In re Moran's Will, 118 Wis. 177, .96 N. W.

367; Wood v. Griffin, 46 N. H. 230 * * *. As said by another: 'It is not the uncertainty of enjoyment in the future, but the uncertainty of the right of that enjoyment, which marks the difference between a vested and contingent interest.' "

In Jonas v. Weires, 134 Iowa 47, l. c. 50, 111 N. W. 453, l. c. 454, this court said:

" 'If the gift is immediate, though its enjoyment be postponed, it is vested; but if it is future, and is dependent on some dubious circumstances through which it may be defeated, then it is contingent.' And the rule is recognized that 'the law leans towards the vesting of remainders.' Further, to the effect that the courts will construe an ambiguous provision as creating a vested, rather than a contingent, remainder or an executory devise, see: Archer v. Jacobs, 125 Iowa 467. * * * The uncertainty which characterizes a contingent, as distinguished from a vested, remainder, is uncertainty as to the person or the event, and not as to the time of enjoyment."

In Haviland v. Haviland, 130 Iowa 611, l. c. 614, 105 N. W. 354, l. c. 355, 5 L. R. A., N. S., 281, we said:

"The law favors vested estates; and, unless it clearly appears that the testator intended otherwise, the rule will prevail. Tarbell v. Smith, 125 Iowa 388; Collins v. Collins, 116 Iowa 703."

Of similar import are the following cases: Fulton v. Fulton, 179 Iowa 948, 162 N. W. 253, L. R. A. 1918E, 1080; Bankers Trust Co. v. Garver, 222 Iowa 196, 268 N. W. 568; Horner v. Haase, 177 Iowa 115, 158 N. W. 548.

■ The terms of the will in question clearly provide that the testator devised and bequeathed all of her property, both real and personal, to W. S. Myers, "with the exception of one-half interest in the two farms * * * which half interest in said farms *I hereby will, devise and bequeath to the legal heirs of my father* to be distributed among them in accordance to law, at the death of my husband W. S. Myers, he to have the use of and income from said farms during his lifetime." (Italics ours.)

Under the rules discussed in the cases hereinabove cited, it is clear that the testator gave one-half interest in the farms in question to the heirs of Joachim Spalti, her father, subject

only to a life estate in her husband. The heirs of Joachim Spalti were definite and certain. He was already dead and under the terms of this will Ralph S. Flanagan, as one of such heirs, acquired a vested estate and interest in the real estate devised at her death.

The record shows without dispute that Ralph S. Flanagan was still living at that time. He received under the terms of this will definite and certain real estate. Under the terms of the will, the enjoyment of the possession of said property was only postponed until the death of W. S. Myers. Under the terms of the will the property became his at the death of the testator, subject only to a life estate in W. S. Myers.

For the reasons hereinabove expressed, we are constrained to hold that, at the death of the testator, Ralph S. Flanagan had a vested interest in the real estate in question and that when he conveyed this interest to the plaintiff therein she became the owner thereof. We think the lower court was correct in so holding, and we find no error therein.

II. It is further contended by appellants that there was a former adjudication of this question because the district court approved a final report of the executor of the estate of Eldora E. Myers, deceased, in which it attempted to relieve the estates in remainder from payment of the inheritance tax upon the ground that such remainders were contingent. That was not an action for the construction of the will, however. It is true the record shows an action for the construction of the will had been commenced by the executor of the estate, but the probate record in said estate also shows that such action was dismissed. It is therefore our conclusion that there was no former adjudication of the question here involved by the proceedings had in the probate court in the estate of Eldora E. Myers, deceased. Such was the holding of the lower court.

For the reasons hereinabove expressed, the judgment of the lower court is hereby affirmed.—Affirmed.

SAGER, C. J., and ANDERSON, DONEGAN, HAMILTON, RICHARDS, and MILLER, JJ., concur.