Dennis A. TRECKER and Barbara A. Trecker, Appellees,

v.

Ted A. LANGEL and Clara J. Langel, Appellants.

No. 63869.

Supreme Court of Iowa.

Nov. 12, 1980.

Ronald F. Eich of Schechtman & Eich, Carroll, for appellants.

James R. Van Dyke of Wunschel Law Firm, P.C., Carroll, for appellees.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK and McGIVERIN, JJ.

McCORMICK, Justice.

The question here concerns the validity of an agreement granting a preemptive right to purchase real estate at a fixed price. In 1973, plaintiffs Dennis and Barbara Trecker granted Ted and Clara Langel a thirty–year preemptive right to purchase eighty acres of farmland at a price of $650 per acre. Plaintiffs brought this declaratory judgment action asking that the agreement be declared invalid. The trial court entered summary judgment for them, and defendants appeal. We affirm.

Plaintiffs attacked the validity of the agreement on two grounds. They alleged it violated the rule against perpetuities and the rule against restraints on alienation. The trial court held that the agreement was invalid as a restraint on alienation. Defendants contend the court was wrong, and plaintiffs seek affirmance on both grounds urged in the trial court.

■ No extrinsic evidence was offered by the parties in the summary judgment proceeding. The record consists of the preemption agreement and statements in which the parties outlined their contentions. Under this record, the meaning and legal effect of the contract are both issues of law. *Connie's Construction, Co. v. Fireman's Fund Insurance Co.*, 227 N.W.2d 207, 210 (Iowa 1975).

The agreement was called an option. It recited that in consideration of payment of $50 defendants had an option to purchase approximately eighty acres of Carroll County farmland from plaintiffs for $650 an acre. The option period was for thirty years, commencing March 1, 1973. The agreement also provided: "The option shall be exercised by delivering written notice to the Buyer during the option period and the Buyer shall have thirty (30) days after receipt of said notice to accept by payment to the Seller the aforesaid portion of the purchase price." The parties agree that the instrument gave defendants an option to purchase on the stated terms only if plaintiffs decided to sell the property.

■ The distinction between an option and preemption is as follows:

An option creates in the optionee a power to compel the owner of property to sell it at a stipulated price whether or not he be willing to part with ownership. A pre–emption does not give to the pre–emptioner the power to compel an unwilling owner to sell; it merely requires the owner, when and if he decides to sell, to offer

the property first to the person entitled to the pre–emption, at the stipulated price. Upon receiving such an offer, the pre–emptioner may elect whether he will buy. If he decides not to buy, then the owner of the property may sell to anyone. 6 *American Law of Property* § 26.64 at 507 (A. J. Casner ed. 1952). · Thus, the agreement in the present case was a preemption rather than an option.

■ Preemptions are subject to the rule against perpetuities and the rule against restraints on alienation. The rules share the common objective of keeping property freely alienable. The rule against perpetuities does so by fixing the time within which a future interest must vest, whereas the rule against restraints on alienation bars direct restraints on the alienability of present or future vested interests. *See Sisters of Mercy v. Lightner*, 223 Iowa 1049, 1059, 274 N.W. 86, 92 (1937); *Kershner v. Hurlburt*, 277 S.W.2d 619, 623 (Mo.1955).

I. *The rule against perpetuities.* Iowa's law relating to perpetuities has been codified since 1851. It provides: "Every disposition of property is void which suspends the absolute power of controlling the same, for a longer period than during the lives of persons then in being, and twenty–one years thereafter." § 558.68, The Code. This court has always construed the statute as embodying the common law rule against perpetuities. · *See Wagner v. Wagner*, 248 Iowa 353, 79 N.W.2d 319 (1956); Iowa Code Ann. § 558.68 (West 1977) (Commentary by Prof. Robert W. Swenson). In *Bankers Trust Co. v. Garver*, 222 Iowa 196, 201–02, 268 N.W. 568, 571 (1936), the court said: "A perpetuity is any limitation or condition which may take away or suspend the absolute power of alienation of an estate for a period beyond life or lives in being and twenty–one years thereafter."

In the past, this court has used the "possibilities" approach to determine whether the rule has been violated. Under that approach, "[a] possibility that a future interest may not vest within the limits of the rule against perpetuities is fatal to its validity. The estate ... must of necessity vest within the time permitted by the statute to avoid offending the statute." *Id.* at 202, 268 N.W. at 571. In some jurisdictions this test has been supplanted by a "wait–and–see" approach. Under that approach, an interest fails only if it does not vest within the period of the rule. If the contingency upon which the interest is limited actually occurs within the period of the rule, the interest is valid. *See* 61 Am.Jur.2d *Perpetuities and Restraints on Alienation* § 26 (1972). The wait–and–see doctrine has been adopted in several jurisdictions either by judicial decision or by statute. *Id.* The American Law Institute has embraced it in *Restatement (Second) of Property (Donative Transfers)* § 1.4 (Tent.Draft No. 2 1979).

If the possibilities approach were used in the present case, it would be necessary to determine whether the preemptive right is personal. If it is personal, the rule against perpetuities would not be violated. If it is not personal, the agreement would violate the rule. *See* 61 Am.Jur.2d *Perpetuities and Restraints on Alienation, supra,* § 54 at 55. In contrast, if the wait–and–see approach were adopted, the agreement would not now ·violate the rule even if it is not personal. *See Three Rivers Rock Co. v. Reed Crushed Stone Co.*, 530 S.W.2d 202 (Ky.App.1975).

Because we agree with the trial court that the agreement is invalid as an unreasonable restraint on alienation, we decline to make these determinations in this case. Thus we do not decide whether the possibilities test enunciated in *Garver* should be rejected in favor of the wait–and–see doctrine. Since the rule against perpetuities is codified in Iowa, the desirability of statutory change is an appropriate subject for legislative consideration. We do not intimate, however, that the wait–and–see doctrine could not be adopted by judicial decision.

II. *The rule against restraints on alienation.* The effect of a preemption agreement as a restraint on alienation has been analyzed as follows:

The pre–emptive provision may require offer of the property to the person enti-

tled at a stipulated price. If no price is specified in the provision, the natural interpretation is that the offeror's price must be paid upon exercise of the pre-emption. The offeror cannot, however, demand a price larger than that which he would ask of another purchaser. The effect of a pre-emption as a practical impediment to alienation hinges upon this matter of price. If the pre-emptive right requires that the property be offered at much less than its value at the time of proposed sale, there is an obvious check upon alienation, since the owner will retain the property rather than sell it at a great sacrifice. Any pre-emption at an exercisable fixed price is likely to involve sacrifice to the person bound to offer it, since a fixed price is usually based upon the value of the property when the pre-emptive provision is executed. It might be held, therefore, that any pre-emption fixing a price without reference to future increase in value is void as a restraint upon alienation in substance.

6 *American Law of Property, supra*, § 26.65 at 507–08. *Accord Restatement of Property* § 413(2)(a), Comment f (1944).

Fixed price preemptions are tested in most jurisdictions under the standard delineated in *Restatement of Property* sections 413(2)(a) and 406(c). Under the *Restatement* standard a fixed price preemption is invalid unless it is shown to be "reasonable under the circumstances." *Id.* § 406(c). Comment i to section 406(c) lists several relevant factors for determining reasonableness:

The following factors, when found to be present, tend to support the conclusion that the restraint is reasonable:

1. the one imposing the restraint has some interest in land which he is seeking to protect by the enforcement of the restraint;
2. the restraint is limited in duration;
3. the enforcement of the restraint accomplishes a worthwhile purpose;
4. the type of conveyances prohibited are ones not likely to be employed to any substantial degree by the one restrained;

5. the number of persons to whom alienation is prohibited is small ...
6. the one upon whom the restraint is imposed is a charity.

The following factors, when found to be present, tend to support the conclusion that the restraint is unreasonable:

1. the restraint is capricious;
2. the restraint is imposed for spite or malice;
3. the one imposing the restraint has no interest in land that is benefited by the enforcement of the restraint;
4. the restraint is unlimited in duration;
5. the number of persons to whom alienation is prohibited is large ...

■ Even though a fixed price preemption is not invalid per se, it is invalid under the *Restatement* standard unless the holder of the preemptive right establishes that the restraint is reasonable in the circumstances. In the present case, defendants bore the risk of nonpersuasion on that issue. Because no extrinsic evidence was introduced, no basis exists for finding the restraint was reasonable unless the finding could be made from the language of the agreement. However, nothing in the language of the agreement would support such a finding.

This situation is analogous to those in which preemptions have been invalidated as unreasonable restraints on alienation. *See Iglehart v. Phillips*, 383 So.2d 610 (Fla. 1980); *Kershner v. Hurlburt, supra* ; *Missouri State Highway Commission v. Stone*, 311 S.W.2d 588 (Mo.App.1958); *Ross v. Pomenon*, 109 N.J.Super. 363, 263 A.2d 195 (1970); *Kowalsky v. Familia*, 71 Misc.2d 37, 336 N.Y.S.2d 37 (1972); *Tombari v. Blankenship–Dixon Co.*, 19 Wash.App. 145, 574 P.2d 401 (1978). It is factually distinguishable from cases in which reasonableness has been established. *See Tovrea v. Umphress*, 27 Ariz.App. 513, 556 P.2d 814 (1976); *Perry v. Brundage*, 614 P.2d 362 (Colo.1980). Moreover, we decline to adopt the minority position enunciated in *Lantis v. Cook*, 342 Mich. 347, 69 N.W.2d 849 (1955), relied on by defendants. In *Lantis* the Michigan

court held, contrary to the weight of authority elsewhere, that a fixed price preemption is not a direct restraint on alienation.

We hold that the trial court did not err in sustaining plaintiffs' motion for summary judgment.

AFFIRMED.